ELIZA ANN HUNTER *versus* FREDERIC V. STEWART.

In an action of the case against a common carrier for an injury arising from his negligence, only such damages can be recovered as necessarily result from the wrongful act, unless special damages are alleged and proved.

An unmarried woman receiving an injury by the neglect of a common carrier in whose carriage she was upset, cannot recover damages on account of her prospect as to marriage being impaired by the injury, such damages not being specially alleged in the writ, nor sustained by the evidence.

THIS was an ACTION OF THE CASE against the defendant as a common carrier. The defendant was a stage proprietor, and carried passengers for hire, and, amongst others, the plaintiff, a young, unmarried female, over the road where, Aug. 8, 1857, she received an injury. There was evidence, more or less conflicting, as to the care exercised by the defendant; as to his driver, horses and coach; as to the condition of the road; and as to the extent and probable permanency of the injury sustained by the plaintiff. There was no evidence as to whether the plaintiff contemplated marriage.

Amongst other instructions, the presiding Judge, TENNEY,

C. J., stated to the jury that, if satisfied the injury sustained by the plaintiff would be lasting, they might consider whether her prospects as to marriage would thereby be impaired, and, if so, might allow such damages as they judged would arise from this cause, if any.

The jury rendered a verdict for the plaintiff, and the defendant excepted to these and other instructions given by the Judge.

*J. S. Abbott*, in support of the exceptions, as to the last point, cited *Hamlin* v. *Gr. N. Railway Co.*, 38 Eng. L. & Eq. R. 335; *Railway Co.* v. *Aspell*, 23 Penn. State R., (11 Horn,) 147; *Curtis* v. *Roch. & Syr. Railroad Co.*, 20 Barb. N. Y., 282; *Hadley* v. *Haxendale*, 26 Eng. L. & Eq., 398; *Furlong* v. *Billings*, 30 Maine, 491; *Alston* v. *Huggins*, 2 Spear, 536; *Stevens* v. *Lyford*, 7 N. H., 36; *Hemmenway* v. *Nord*, 1 Pick., 524; *Ford* v. *Mason*, 20 Wend., 210; 7 Petersdorff's Ab., 594.

The consequences which, though natural, did not necessarily follow, must be specially alleged. 2 Greenl. Ev., § 278.

*Samuel Belcher*, for the plaintiff, argued that the instructions given were sufficiently favorable to the defendant. Story on Bailments, § § 593, 594, 596, 598—601 and 602; Greenl. on Ev., § § 221, 222.

The plaintiff is entitled to recover all the damages she suffered from the wrongful act of the defendant. The jury might consider all the circumstances belonging to the act, and tending to the plaintiff's discomfort; and award all the damages of which the act was the efficient cause, including prospective damages. Greenl. on Ev., § § 267 to 268, inclusive.

If the damages allowed were increased by the instructions objected to, the jury must have found that, from the wrongful act of the defendant, she received a lasting injury, of such a nature as to impair her prospects of marriage, and that she actually suffered damages in this respect, of which the wrongful act of the defendant was the cause. It is immaterial

whether she contemplated marriage; if the act of the defendant doomed her to celibacy, or impaired her prospect of marriage, she thereby suffered serious damage. It is the right and privilege of young ladies to marry at a proper age. Marriage is a divine ordinance, and a fundamental social institution. 2 Kent's Com., 74; 15 Mass., 1.

In actions like this, there can be no fixed rule of damages, and Courts do not interfere with the verdict of a jury, unless the damages given are manifestly excessive. 19 Mass., 361.

The opinion of the Court was drawn up by

APPLETON, J.—This is an action of the case against a defendant for negligence as a common carrier, by reason of which the carriage, in which the plaintiff was riding, was upset, whereby she received great bodily injury, &c.

The plaintiff was unmarried, but the declaration contained no allegation of any special damage arising from the actual or probable loss of the preferment which the law implies in the relation of marriage. Nor was there any evidence tending to prove that she was, or had been engaged, or had ever contemplated marriage.

The damages arising from the negligent acts of the defendant were either general or special. General damages are such as naturally arise out of, or are connected with the injury complained of. Special damages are such as are superadded to, and do not necessarily flow from, the injurious acts of the defendant. The latter, to prevent surprise, must be specially set forth in the declaration. 7 Petersd. Abr., 594. " In general, it is true," remarks COULTER, J., in *Hart* v. *Evans*, 8 Barr., 14, " that when special damages are claimed for an alleged tort, they ought to be set out in the *narr*, either as inducement or distinct ground of superadded damages. But when the damages arise necessarily and inevitably from the tortious act, it would seem to be unnecessary; the tortious act being itself the gravamen of the action, and the necessarily resulting injuries being only the measure of damages." * * * " In an action for false imprisonment, evidence that the plain-

tiff was stinted in his food, when confined, or suffered in health thereby, cannot be received without being specially alleged; because these things do not necessarily result from the illegal confinement. *Lowden* v. *Goodrick*, Peake's N. P., 46.

The case of *Laing* v. *Colder*, 8 Barr., 497, is directly in point. This was a suit against the defendant for negligence as a common carrier, whereby the plaintiff's arm was broken. The declaration was for damages arising from pain, loss of time and expenses. The plaintiff offered to show the number of his family, and that they were dependent upon him for support, and that, in conseqence of this injury, he became embarrassed, but the evidence was rejected. In delivering the opinion of the Court, BELL, J., says,—" The evidence was rightly excluded. The plaintiff went for general damages, under the common allegation *ad damnum.* Damages which *necessarily* result from the act complained of are properly termed general damages, and may be shown under the common allegation; for the defendant must be presumed to be aware of the necessary consequences of his conduct, and, therefore, cannot be taken by surprise in the proof of them. But damages that do not necessarily flow from the principal act, though possibly attendant upon it, are denominated special.  * * *  Now injuries to the person consist in the pain suffered, bodily and mentally, and in the expenses and loss of property they occasion.

" In estimating damages, the jury may consider, not only the direct expenses incurred by the plaintiff, but the loss of his time, the bodily suffering endured, and any incurable hurt inflicted; for these may be classed among the necessary results. But alleged damages sustained by the plaintiff from the circumstance of his being the head of a family dependent upon him, have no necessary connection with the injury done to his person. Such damages may or may not follow a temporary disability. They do not necessarily attend upon it." Special damages, such as are possible only, must be set forth.

The jury were instructed, that " if they should be satisfied that the injury sustained would be lasting, they were at

liberty to consider whether her prospects for being well married would not thereby be impaired; and, if so, they were at liberty to allow such damages in this respect as they are satisfied would arise from this cause, if any."

Now the loss of marriage may be of itself a special ground of action. In the present case it was not alleged in the declaration, nor sustained by the proof. It does not necessarily arise from a bodily injury, though it might be consequent thereupon. The defendant had no notice that damages would be claimed for any such cause, and, therefore, could not be prepared to prove or disprove its existence. As damages have been given for a special injury, having no necessary connection with the wrongful acts of the defendant, and neither set forth in the declaration nor established by the evidence, the exceptions must be sustained.

*Exceptions sustained, and verdict set aside.*

TENNEY, C. J., and RICE, GOODENOW, DAVIS, and KENT, JJ., concurred.