LUCK and another vs. THE CITY OF RIPON.

*March 31 — April 19, 1881.*

INJURIES TO THE PERSON. *(1, 2) Injury from defective highway: Pleading and evidence. (3)* DAMAGES *from loss of practice of midwife: no diploma required. (4) Discretion of court as to cross examination.*

1. In an action for injuries to the person from a defective sidewalk, where the complaint alleges that the walk was "in a dilapidated and dangerous condition, the boards or planks . . . being old and decayed, and not being nailed or in any manner properly fastened to the timbers across which they were laid," and also alleges knowledge of such defect by the defendant city, there was no error in admitting evidence of defects in the *original construction* of the walk; and this, though it was constructed by private persons and not by the city.

2. Where a complaint for injuries to the person alleges generally that plaintiff was unable, by reason of such injuries, to pursue his lawful business, that is sufficient to admit evidence of the particular business and the damages resulting from its interruption; and if defendant wishes to be more fully informed by the complaint as to what plaintiff's business is, the remedy is by a motion to make more definite and certain.

3. Whether a midwife is a person practicing "physic or surgery" within the meaning of sec. 1436, R. S., so that she cannot collect *by suit* fees for her services without having a diploma as there provided, is not considered; as in either case it is a lawful profession, and actual loss from

interruption to the practice thereof, caused by personal injuries, may be shown to enhance damages.

4. The court permitted the defendant city, on cross examination of the person injured, to show that she had had some difficulty with the city about a sidewalk tax, but refused to allow further cross examination as to the particulars of such difficulty. *Held*, no abuse of discretion.

APPEAL from the Circuit Court for *Fond du Lac* County.

This action was brought by *August Luck* and *Minnie Luck*, his wife, for injuries to the person of the wife, alleged to have been caused by a defective sidewalk on one of the public streets of the defendant city. There was a verdict in favor of the plaintiffs; a new trial was refused; and defendant appealed from a judgment on the verdict.

The errors alleged will sufficiently appear from the opinion.

The cause was submitted for the appellant on the brief of *E. L. Runals*.

For the respondents there was a brief by *J. J. Foote*, their attorney, with *T. W. Spence*, of counsel, and oral argument by *Mr. Spence*.

TAYLOR, J. The principal errors alleged are in the admission of evidence in favor of the respondent, and in the instructions to the jury. The complaint, after stating the location of the sidewalk where the injury was sustained, alleges that the same " was in a dilapidated and dangerous condition; the boards or planks of which said sidewalk was constructed at that point, being old and decayed, and not being nailed or in any manner properly fastened to the sleepers or timbers across which they were laid, and had a long time before been by said defendant knowingly and negligently so suffered to be and remain." And, in describing how she was injured, the complainant alleges that her daughter, Amelia, was walking with her when the injury happened, and she " stepped upon one of the boards or planks of said sidewalk, which was not nailed or fastened to the sleepers or timbers beneath it in

any manner, and was then old and decayed and imperfect, in such a manner as to cause said board to spring up and trip up said *Minnie Luck*, plaintiff, and cause her to fall upon her face upon said sidewalk." After stating the injuries she received by the fall, the complaint further alleges that "she was sick, sore and lame and disabled from the 13th day of March, A. D. 1876, aforesaid, until the commencement of this action, during all of which time, in consequence of said injuries, the said plaintiff *Minnie Luck* thereby suffered great pain, and was thenceforth, until the commencement of this action, *hindered from attending to her usual and necessary business, and has ever since remained and continued, and now is, sick, sore,*" etc.

Under this complaint the appellant objected to any evidence being given showing that the sidewalk was defectively constructed. The objection was overruled, and defendant excepted. The appellant also asked the court to instruct the jury "that if there was a defect in the walk when it was originally constructed, without which the injury would not have happened, the plaintiffs cannot recover." The court refused to give this instruction, and appellant excepted. The court, in substance, instructed the jury that the city would be liable for the injury to the plaintiff, whether the defect was in the original construction or was caused by the decay of the sidewalk after its construction. This instruction was also excepted to. These exceptions to evidence and the instructions of the court to the jury, the learned counsel for the appellant insists should have been sustained, for the reason that the allegations of the complaint (as he claims) clearly charge that the injury happened to the plaintiff on account of a defect in said sidewalk which occurred after its original construction, and not on account of any defect in its original construction. We think the allegations of the complaint, setting out the nature of the defect in the sidewalk, are sufficiently broad to admit of evidence showing that it was originally defectively and dangerously con-

structed, as well as evidence showing that it had become out of repair, from decay or other cause, after its construction. The allegation that the planks "were not nailed or in any manner properly fastened to the sleepers or timbers across which they were laid," would naturally refer to the manner in which they were placed upon the timbers in the first instance, rather than to the fact that they had become loosened from the timbers or sleepers by use or decay.

The learned counsel urges that his construction of the complaint should be held to be the true construction, because the complaint does not allege that the sidewalk in question was originally constructed by the city or by its order, but relies, for the purpose of charging the city with the liability, upon the fact that the street along which the sidewalk was placed was a public street, much traveled, and that the walk had been used by the public as a sidewalk for a considerable length of time previous to the accident. Under these allegations, the learned counsel argues that the city ought not to be held liable for any defect in the original construction of the walk; or, if it could be so held liable, that the complaint should, with more clearness, have charged the city with neglect in permitting a sidewalk to be constructed along one of its public streets, which was in fact defective and endangered the safety of people traveling thereon. We do not think the fact that the sidewalk was not constructed by, or by the direction of, the city should make any difference as to the manner of describing the defect which caused the accident. This court has held that if a person makes a walk, either sidewalk or crosswalk, in a public street of a city, which is dangerous to travelers, the city is liable for any injury caused by such dangerous or defective walk. It is the duty of the city to prevent third persons from setting traps in the public streets dangerous to persons using them. See *Johnson v. Milwaukee*, 46 Wis., 568; *James v. Portage*, 48 Wis., 677. The allegations of the complaint show that this sidewalk had been used by the public for some time

before the accident, and it also charges that said city had notice, before the accident, of the defective condition of the same. In such a case it can make no difference whether the defect was in the original construction, or was caused by something occurring afterwards. If a person, without direction of the city, places a defective sidewalk on a public street, over which the people travel, and the city, with knowledge of its defects, permits it to remain in the street, its liability is the same as though the walk had been originally placed there by its authority. The plaintiff, having made an allegation of a defect, which naturally referred to its improper construction, and having also averred knowledge of such defect by the city before the accident happened, was entitled on the trial to give evidence tending to show that the defect was in its original construction; and the court properly charged the jury that the plaintiff might recover if the injury occurred from such original defect.

The learned counsel for the city claims that it was error to permit the plaintiff to give evidence of the fact that she was a midwife, that after the injury she was unable to pursue her business as such, and that she thereby suffered loss. This objection is made upon two grounds. The first is, that, the complaint having failed to set out what the particular business of the plaintiff was, she cannot introduce any evidence on that subject. The objection goes to the extent that, in order to recover for loss of time, the plaintiff must not only allege that he or she has been unable to pursue his or her lawful business, but must set out what that business is. We do not think such strictness is required. When the complaint states facts showing that the injury has been such as to render it impossible for the injured party to pursue his ordinary business, and damages are claimed for the loss of time in such business, the plaintiff should be permitted to show upon the trial what his business is, and what damages he has suffered by reason of inability to pursue the same. Ordinarily the business of the

plaintiff will be known to the defendant, and he will not be surprised at the introduction of evidence upon that subject. If, however, the defendant has no knowledge of such business, and desires to be informed thereof in order to prepare for trial, he must move to make the complaint more definite and certain in that particular. He will not be justified in lying by until the trial, and then claiming that he is unable to meet that issue for want of notice.

But the learned counsel also insists that the plaintiff should not have been allowed to prove that her business was that of a midwife, and claim damage for loss of that business, because he claims she could not collect, by an action at law, compensation for her services as such, under the provisions of section 1436, R. S., because she had not received a diploma, nor was she a member of any medical society, as prescribed in said section. Without discussing the question whether a female who practices the business of a midwife is practicing "physic or surgery," within the meaning of said section, it is a sufficient answer to the objection of the appellant, *first*, that in this action the plaintiff is not seeking to recover any compensation for her services as a midwife; and *second*, that the statute does not make it unlawful to practice either physic or surgery without having a diploma. In pursuing her business as a midwife, the plaintiff was violating no law of this state, but was pursuing a lawful and laudable business. If she earned and received money for her services, she had a perfect right to such money. If her injuries deprived her of the income she derived from such lawful employment, there does not seem to be any more reason for saying she has not been damaged by her injury to the extent she has been deprived of such income, than there would be for saying that she had not been damaged if she had been deprived of an income as a teacher, artist, seamstress, or in any other lawful employment. The income of most men and women, whether professional or otherwise, does not depend in any great measure on the fact

that they can enforce payment for services rendered by an action at law, but rather upon that sense of justice, which, in most men, is more potent than the constraints of the law, that the laborer is worthy of his hire. It does not follow by any means that a man will not have any income in the pursuit of a lawful employment, because he cannot enforce his claim to compensation for services by an action at law. We think the evidence of the plaintiff's business, and of the amount she received as income from that business, was properly received.

The appellant also alleges as error the exclusion of certain evidence which was sought to be elicited from the plaintiff on cross examination, showing that the plaintiff entertained some hostile feelings towards the city on account of a tax she had been compelled to pay for making a sidewalk in front of her lot. The court permitted the counsel to ask her the general question, whether she had had any trouble with the city on account of such sidewalk tax, but refused to permit her to answer the question whether she had not said, about a year and a half before the accident happened, " that she was going to get even with the city; " and also refused to permit the defendant to prove by a witness on its part that she had made such statement. We do not think the exclusion of this question and evidence was error for which the judgment should be reversed. It is always a matter somewhat within the discretion of the court, to what extent a cross examination shall be permitted upon the question of feeling or bias which a witness may have in favor of the party calling him, or against the opposite party. The court, in this case, permitted the defendant to show that the plaintiff had difficulty with the city about the sidewalk tax, but refused to permit the party to show the particulars relating to that matter; and in this, we think, the court was justified. The answers to the questions asked could have had but a remote relation to the questions in issue in this case, and we do not think the city could have been prejudiced by the rejection of the evidence offered.

The case appears to have been fairly tried, and the verdict is fully sustained by the evidence.

*By the Court.* — The judgment of the circuit court is affirmed.