[Decided January 16, 1888.]

## COLUMBIA AND PUGET SOUND RAILROAD COMPANY v. WILLARD C. HAWTHORNE.

3 w 353
6   233
19*   25
33*  399
3 w t 353
121  590

1. MASTER AND SERVANT—DEFECTIVE APPLIANCES—KNOWLEDGE OF MASTER—NEGLIGENCE.—Plaintiff, an employe of defendant, was injured by the falling of a pulley, caused by a wheel working from its shaft impinging upon and unscrewing the nut holding it on the shaft. The nut should have been so fastened that the friction would tighten it. The defect was known to the defendant, but not to the plaintiff: *Held,* that the injury was caused by a defect in the machinery, for which the defendant was liable.

2. NEGLIGENCE—EVIDENCE—ADMISSIONS.—In an action to recover for such injury, evidence that after the accident defendant put planks under the pulley, to arrest its fall in the future, is competent as an admission against the party's interest.

3. DAMAGES—NEGLIGENCE—LOSS OF ABILITY TO WORK—NATURE OF WORK.—Under an allegation in such case that plaintiff cannot follow his business by reason of the injury complained of, evidence as to what particular

23

kind of business he is deprived of is admissible; no motion to make the complaint more definite or for a bill of particulars having been made.

4. INSTRUCTIONS—SERVANT'S KNOWLEDGE OF DANGER.—In such a case the defendant asked the following instruction, viz: "If you find the machinery was defective, and also find that the defendant knew it, yet if you find that the plaintiff continued to run, operate, and manage the same with knowledge that it was dangerous and unsafe, then your verdict should be for the defendant:" *Held*, that the same was properly refused.

5. SAME—WHEN APPLIANCES ARE DEFECTIVE.—In such an action, an instruction that such machines had been considered safe when babbitted and oiled is properly refused, as failure to keep the machine in question oiled could not have contributed to the injury.

6. SAME—PROXIMATE CAUSE OF INJURY.—In such action, an instruction that if plaintiff was disabled by heart disease, even though caused by the accident, he could not recover, is properly refused.

7. DEFECTIVE MACHINERY—CONTINUOUS USE—PRESUMPTION.—In such an action, an instruction that if the machinery had been in use several years, without causing any accident, it should be deemed safe, is properly refused, when it appeared that it had been dangerous during the whole time of its use.

8. PRACTICE—TRIAL—ARGUMENT OF COUNSEL—HOW OBJECTED TO.—An exception to improper remarks of counsel in argument to the jury will not be considered when no instruction as to how the jury shall consider such remarks is requested.

9. INSTRUCTIONS—MODIFICATION OF.—In such an action, when defendant objected that certain numbered instructions were not modified, and it appearing that such modification was made in instructions of a different number: *Held*, to be no error, for the reason that it was enough to give an instruction once, and that reiteration would have been a fault, which the court properly avoided.

10. SPECIAL VERDICT—DISCRETION OF TRIAL COURT.—A direction to the jury to make special findings is within the discretion of the court, and in the exercise of this discretion, a refusal by the court to so direct is not error.

11. WITNESS—EXAMINATION—HUSBAND AND WIFE—CONSENT TO TESTIFY.—A husband, being party to a suit and calling his wife as a witness and interrogating her, thereby consents that she may testify under section 392 of the Code of this territory.

12. DAMAGES—WHEN NOT EXCESSIVE—PERMANENT LOSS OF HEALTH.—When one is entirely deprived of health and ability to labor for life by a permanent injury, a verdict of $10,000 is not excessive.

ERROR to the District Court holding terms at Seattle. Third District.

The plaintiff below, being employed by the railroad company in its sawmill, sued the company for personal injuries sustained by him in the course of his employment while

engaged in operating a machine known as a trimmer, which, with the machinery and apparatus connected therewith, was alleged to be unsafe, defective, and insecure, of which the plaintiff had no knowledge, nor ready means of knowledge, but which was well known to the railroad company; that while so operating the trimmer one of the pulleys, over which ran the belt which transmitted the power to the saw, which formed a part of the trimmer, without any fault or lack of care on plaintiff's part, but solely on account of the unsafe and insecure condition of the trimmer, and the machinery and apparatus for the operation of the same, all of which was furnished by the defendant, slipped from the shaft on which said pulley was revolving, and fell a distance of eight feet on plaintiff's head and side, thus inflicting the injuries complained of. In addition to denials, the railroad company pleaded affirmatively in its answer that the pulley and every other part of the trimmer was under the exclusive management of the plaintiff, and while operating the same he could see every part of the same, and that plaintiff at all times had full knowledge of the peculiar construction of the trimmer; that while employed in said business it was his duty to keep the same in repair and oiled, and that at the time of the injury he carelessly failed to oil the trimmer, and keep it in running condition, and that his injuries were caused by his own carelessness and negligence. Plaintiff replied by denials. There was a trial by jury, a verdict for $10,000, and judgment thereon, from which the railroad company appealed. Defendant below asked certain instructions refused by the court, which refusals are claimed as error:

"Instruction No. 7. If you find the machinery in question was defective, and also find that the defendant knew it, yet if you find that the plaintiff continued to run, operate, and manage the same with knowledge that it was dangerous and unsafe, then your verdict should be for the defendant."

"Instruction No. 8. If you find from the evidence that on the morning before the plaintiff received the injury complained of, he examined and inspected said machinery in

connection with Mr. Smith, and found that the same was defective and dangerous, and was then and there advised by the said Smith not to operate or run said machinery on that day, and the plaintiff, notwithstanding such knowledge and information, commenced running and operating said trimmer, and while so operating it received the injury complained of, then he assumed the risk, and your verdict must be for the defendant."

"Instruction No. 9. If you find that the plaintiff had knowledge at and prior to the time of the injury that said machine was dangerous and unsafe, then I instruct you that, notwithstanding you may find that the defendant had knowledge thereof, that there is no evidence in this case of a promise by the defendant, or any one having the right or authority to make such promise, to repair the same within a definite or reasonable time. And if you find that plaintiff, with such knowledge of the unsafe and dangerous condition of the said machinery, continued to use the same up to the time of the injury, then your verdict should be for the defendant."

"Instruction No. 10. If you find that the machinery constituting the trimmer in question was used for five or six years in said sawmill, prior to the time of said accident, by the various owners of said mill and the various employes, then that is a strong circumstance to be considered by you as tending to prove that said machinery was not defective in structure or material used therein."

"Instruction No. 11. If you find that a machine like the one in question was used by the Port Orchard and Commercial Mills, and also at the defendant's mill, for five or six years without injury to the employes; and that the said machinery was considered by the employes running the same, and the foreman of the mill, to be safe, if the same was kept properly babbitted and oiled—then you cannot find that the defendant furnished insecure and unsafe machinery, and your verdict must be for the defendant."

"Instruction No. 16. It is not necessary for the defendant to establish in this case that the plaintiff had knowledge

of each and every defect in the trimmer; but if the plaintiff had knowledge, or the means of knowledge, of any defect in the construction, or failure to repair the same, rendering it unsafe or dangerous, and did not immediately stop operating the same, but, without notice to the defendant's agents or officers, and a promise to repair, continued to operate the same until the time of the accident—then he cannot recover, and your verdict must be for the defendant."

"Instruction No. 18. It was the plaintiff's duty to use reasonable diligence and care in inspecting the machinery operated by him, and report to the master mechanic, foreman, manager, superintendent, or other agent of the company, all needed repairs. There is no evidence in this case that the plaintiff made any such reports. The burden of proof is upon the plaintiff to prove that he made such reports whenever reasonable care and caution required him to so do. There is evidence in this case tending to prove that the want of babbitting contributed to the cause of the fall of said pulley; and if you find that the want of proper babbitting did, in any degree, contribute to or in any way assisted in driving off the nut holding said pulley, then your verdict must be for the defendant."

"Instruction No. 26. If the jury find that the plaintiff has organic disease of the heart so as to incapacitate him from earning anything, then they shall not in considering the amount that he is entitled to recover, if he is entitled to recover anything, allow him anything for the loss of time in the future."

All other material facts appear in the opinion of the court.

*Messrs. Greene, McNaught, Hanford & McGraw,* for the Plaintiff in Error.

In support of the correctness of the 7th, 8th, 9th, 10th, 11th, 16th, and 18th instructions asked by defendant and refused by the court, counsel cited the following authorities: Wharton on Negligence, sec. 214; *McGlynn* v. *Brodie,* 31 Cal. 377; *Malone* v. *Hawley,* 46 Cal. 409; *Stone* v. *Oregon City Man. Co.,* 4 Or. 52; *Gavett* v. *Manchester & Lawrence R. R.*

*Co.*, 16 Gray, 501; *Murphy* v. *Dean*, 101 Mass. 455; *Russell* v. *Tillotson*, 140 id. 201; *Baltimore & Ohio R. R. Co.* v. *Jones*, 95 U. S. 439; *Armour* v. *Hahn*, 111 U. S. 313; *Somer* v. *Harrison*, 8 Atl. Rep. 799; *Marble* v. *Ross*, 124 Mass. 44. To support the 8th instruction, counsel also cited: 2 Thompson on Negligence, pp. 992–995. To support the 9th instruction: 2 Thompson on Negligence, pp, 932, 1015, 1017; Wharton on Negligence, sec. 220. It is error to charge a jury that an employer can, by use of suitable care and foresight, provide and maintain suitable instruments and means to carry on his business, for, in spite of the utmost care and caution, his means and instruments may turn out defective and unsuitable. It is also error to charge a jury that "if the employer fails to provide suitable instruments and means, he is guilty of a breach of contract, for the consequences of which he ought to be responsible." The employer is liable only in case of defects known to him, or discoverable by exercise of ordinary care and caution on his part, and not known to plaintiff nor discoverable by him by exercise of like care and caution. (Wharton on Negligence, secs. 211 and 213; 2 Thompson on Negligence, pp. 970, 971, 979, 982, *et seq.; Rogers* v. *Ludlow Man. Co.* 11 N. E. Rep. 77; *Probst* v. *Delamater*, 100 N. Y. 206; *Batterson* v. *Chicago R. R. Co*, 49 Mich. 184.)

*Messrs. Struve, Haines & McMicken,* for the Defendant in Error.

The defect which caused the injury was a latent one, of which the defendant had full knowledge, but the plaintiff was entirely unaware of, and it was therefore the duty of the defendant to warn the plaintiff against this defect, and, failing to do so, it is liable for any injury that may have resulted in consequence of such neglect. (Wood's Master and Servant, secs. 348, 385, 386; *Strahlendorf* v. *Rosenthal*, 30 Wis. 674; *R. R. Co.* v. *Fort*, 17 Wall. 544; *Huddleston* v. *Lowell Machine Shop*, 106 Mass. 282; *Hough* v. *R. R. Co.*, 100 U. S. 213; *Walsh* v. *Peet Valve Co.*, 110 Mass. 23; *Gildersleeve* v. *R. R. Co.*, 33 Mich. 122.) A servant has a right to assume,

without investigation, that the machinery furnished by his master is safe. (Deering on Negligence, sec. 201; *Speed* v. *Atl. & Pac. R. R. Co.*, 71 Mo. 303.) It is the duty of the employer to advise the employe of latent defects in the machinery used by him. (Wharton on Negligence, secs. 209, 10; *Baxter* v. *Roberts*, 44 Cal. 187.) This rule extends even to defects of which the master may not have been cognizant, but which it was his duty to have searched for and remedied. (Wharton on Negligence, sec. 211.) Whether the servant knew, or ought to have known, of defects in machinery, is a question for the jury. (Wood's Master and Servant, secs. 377, 384; *Filer* v. *N. Y. Central R. R. Co.*, 49 N. Y. 50; Deering on Negligence, sec. 201; *Thompson* v. *C. M. etc. Co.*, 14 Fed. Rep. 504.) In all cases where there is any conflict in the evidence, or any room for doubt, as to whether the servant is chargeable with negligence by remaining in the service after knowledge of the condition of the instrumentalities of the business, the question is for the jury. (Wood's Master and Servant, sec. 388; *Laning* v. *R. R. Co.*, 49 N. Y. 521; *Greenleaf* v. *R. R. Co.*, 29 Iowa, 14.) The rule, as settled by the great weight of authorities, is that the question of negligence on the part of the defendant, and of contributory negligence on the part of the plaintiff, are for the determination of the jury, and this, though the facts are admitted, or there is no dispute as to them. (Deering on Negligence, sec. 403; 2 Thompson on Negligence, 402; Wharton on Negligence, sec. 420.) It is a well settled rule that it is a matter of right for the plaintiff to have the issue of negligence submitted to the jury when it depends on conflicting evidence, or on inferences to be drawn from circumstances in regard to which there is room for differences of opinion among intelligent men. (*Paine* v. *Troy & Boston R. R. Co.*, 83 N. Y. 574.) The question of contributory negligence, as a general rule, cannot resolve itself into one of law, but must be submitted by the court under proper instructions. (*Fasset* v. *Roxbury*, 55 Vt. 552; *Atkinson* v. *Goodrich Transportation Co.*, 86 Wis. 141; *Hutchinson* v. *St. Paul, M. etc. Ry Co.*, 32 Minn. 398; *Dufour* v. *C. P. R. R. Co.*, 67 Cal.

319; *International & Great Northern R. R. Co.* v. *Ormund*, 64 Tex. 485; *Philbrick* v. *City of Niles*, 25 Fed. Rep. 265.) Where the plaintiff's evidence, if undisputed, and giving to it the most favorable construction, would sustain a verdict in his favor, a peremptory nonsuit should not be ordered. (*Spensly* v. *Lancashire Ins. Co.*, 54 Wis. 443.) Where a cause fairly depends upon the effect or weight of testimony, it is for the consideration and determination of the jury, under proper directions as to the principles of law involved. It should never be withdrawn from them, unless the testimony be of such a conclusive character as to compel the court, in the exercise of a sound judicial discretion, to set aside a verdict returned in opposition to it. (*Phœnix Ins. Co.* v. *Doster*, 106 U. S. Rep. 32; *Bevans.* v. *U. S.*, 1 Wall. 56; *Hendrick* v. *Lindsay*, 93 U. S. 143.) No court is bound to give instructions in the form and language in which they are asked. If those given sufficiently cover the case, and are correct, the judgment will not be disturbed, whatever those may have been which were refused. (*Climer* v. *Dawkins*, 6 How. 674; *Kelley* v. *Gage*, 6 Peters, 622; *Indianapolis, etc. R. R. Co.* v. *Horst*, 93 U. S. 291.) All parts of the charge must be considered together in the same connected way in which it was given, upon the presumption that the jury did not overlook any portion, but gave due weight to it as a whole. (Thompson Charging the Jury, sec. 131; *Smith et al.* v. *Carr et al.*, 16 Conn. 450; *Clark* v. *McElvy*, 11 Cal. 154; *People* v. *Cleveland*, 49 Cal. 580; *People* v. *Dennis*, 39 Cal. 636; *Livermore* v. *Stine*, 43 Cal. 278; *People* v. *Nelson*, 56 Cal. 81; *Rose* v. *Stephens & C. T. Co.*, 11 Fed. Rep. 438; *Evanston* v. *Gunn*, 99 U. S. 667.) Where counsel, in argument to the jury, exceed the limits allowed to advocacy, the way to correct the objectionable effect of the argument is through an objection to it at the time, to answer it by counter argument, or to ask suitable instruction to the jury with reference to it. (*Learned* v. *Hall*, 133 Mass. 417; *Rudolph* v. *Landwelen*, 92 Ind. 34; *Powers* v. *Mitchell*, 77 Me. 361; *Dowdle* v. *Wilcox*, 64 Iowa, 721; 9 Crim. Law Mag. No. 6, p. 743.) Error cannot be predicated upon the silence of the court, where there is no

request for an admonition to the jury not to be influenced by the statement. (*Whalley* v. *Moore*, 97 Ind. 15.) It is the province of the court to determine as to what, if any, particular facts the jury shall find specially; and neither party has a right to dictate the forms of such questions, and for refusing to comply with the request to direct special findings no error can properly be assigned. (Code, sec. 242: *Lufkins* v. *Collins et al.*, 10 Pac. Rep. 300; *Spurr* v. *Shelbourne*, 121 Mass. 429.) The actual loss of ability to earn money, exclusive of damages for pain and suffering, expenses of medical attendance, etc., which would necessarily extend throughout his life, would amount to much more than the jury awarded to plaintiff. (*Phelps* v. *City of Panama*, 1 Wash. 518.) Courts are reluctant to interfere with the verdict of the jury on the ground of excessive damages, in actions for personal injuries, because the law affords no definite rule by which the precise compensation for injuries can be ascertained. (*Wightman* v. *City of Providence*, 1 Clifford, 524; *Brown* v. *Evans*, 17 Fed. Rep. 912.)

Mr. Justice LANGFORD delivered the opinion of the court.

In this case the appellee brought his action against the appellant to recover $15,000 for an injury received by the appellee from the fall of a pulley from the machine of appellant upon the appellee. The said machine was what is known as a trimmer in appellant's sawmill. Appellee was employed by appellant to operate this machine, and while operating it received the injury. Appellee claims that the accident was caused by a latent defect in the machine, without fault upon his part. Appellant claims that there was no real defect in the machine, but that the accident was caused by want of care and skill upon the part of appellee. A jury trial was had, and, before the case was submitted to the jury, appellant moved that the court would take the case from the jury and enter a judgment against the appellee for costs, and, after the verdict, moved the court to set aside the verdict and grant a new trial. Both motions were made upon the same ground, to wit: that the evidence would not support a verdict for the appellee.

During the trial, exceptions were taken by the appellant to the admission of certain evidence, to arguments of appellee's counsel, and to the giving and refusing of certain instructions. We will first consider the motions of nonsuit and for new trial, and the rulings thereon. The injury was caused by the fall of a heavy iron pulley. This fall was caused by the wheel becoming somewhat looser than usual upon the shaft, and thus impinging upon the cap or nut which was on the end of the shaft, causing said nut to unscrew and come off, and thereby let the pulley fall. The pulley, it is claimed, became loose and impinged upon the nut or cap because the shaft was not properly oiled by appellee. The pulley, in this particular machine, turned in such a way that when it turned it impinged against the nut and unscrewed it. The only proper way to have the nut screwed on is so that the friction would tighten the nut, and this is the only reasonable and safe way to put on the cap or nut. Had this machine been thus constructed, the loosening of the pulley could not have caused the accident. The dangerous condition of this nut upon account of its malconstruction was such that no man running the machine with ordinary skill and care could have discovered this defect, and this defect was utterly unknown to appellee.

The appellant claims that appellee, by not oiling the machine, caused the pulley to work too loosely on the shaft, and that this was appellee's fault.

There is a conflict of evidence as to whether appellee did properly oil the machine, and it is difficult to determine where the preponderance lies. There is a conflict of testimony as to whether appellee had notice that the machine was dangerous, but there is no evidence that the looseness of the pulley would have caused the nut to work off, and hence the pulley to fall, if the machine had been of the ordinary or proper construction. The proof is positive that, with a proper construction, there would have been no danger of the pulley falling, even if it were as loose as alleged. The notice claimed to have been given to appellee, was not notice of the wrongful manner in which the nut was put on.

It is concluded that no skill or care could have informed appellee of the real and only danger resulting from the improper cap, and the defect from which alone the accident happened. No particular skill is shown to be required to operate a trimmer, and it is not shown that appellee had not such skill or care as was necessary. If it were, no skill or care by the defendant could have prevented the nut from coming off, and hence the pulley falling and the consequent injury. The defective manner of fastening on the nut was the sole cause of the danger and accident. This danger was well known to the appellant when it set appellee at work, and could not have been nor was it known to the appellee. The jury would have entirely failed in their duty not to have found a verdict for the plaintiff, under this evidence, and the court committed no error in submitting the case to them and entering a judgment upon the verdict.

As to the verdict of $10,000 being excessive, we do not think it is, as defendant is entirely deprived of health and ability to labor for life. As to the exception to the argument of counsel, we think it not well taken. Much latitude is allowed to counsel, and, so far as the record shows, we know not whether it was not a proper retaliation for improper arguments of the counsel for the appellants. However this may be, after the words were uttered, the court could do nothing of service except to give the jury instructions as to how they should consider the remarks, yet appellants requested no instruction on the point.

The complaint alleges that the appellee, by the injury, is deprived of the ability to follow his business, or work, or provide for his family. Being deprived of those things implies that he had them, and would have had them in the future, for to be deprived of by the injury can mean no less than that appellee had them before deprived. What was the particular kind of work or business of which he was thus deprived is not stated, but the allegation gave notice that he intended to prove some particular kind, and if the appellant was satisfied to go to trial upon this general notice he ought not to complain at the trial. If not satisfied by the description, he

might have had it made more definite, on motion, or could have had a bill of particulars. Not moving for this, he waived indefiniteness.

Appellant made objections to the admission of evidence that, after the accident, the appellant put a plank under the pulley so as to arrest its fall if it should come off in the future.

Acts and words of a party which expressly or impliedly are admissions against interest are admissible. The putting up of a plank to stop the falling pulley is a declaration that the pulley is liable to fall, for the plank is useless for any other purpose. If the change of the situation by appellant might have been made for an entirely different purpose, the rule might be different. William Morris had run a trimmer for some time. The evidence does not show that it requires any particular science or skill to run one, or that it requires a machinist to do it. His testimony was properly admitted.

Appellee called his wife to the witness stand, caused her to be sworn to testify to the truth, the whole truth, and nothing but the truth in the case, and, after her oath, asked her questions. We think a more emphatic consent by her husband that she might testify is hardly possible.

Objection is made that modifications were not given to certain numbered instructions. The proper modifications were given in instructions of a different number. It is enough to give an instruction once. Reiteration would have been a fault which the court properly avoided.

Defendant's 7th instruction was not good law. It implies that if appellee knew of any apparent danger from which he did not suffer, he could not recover. Certainly a knowledge of danger, in general, which would not have existed except for a particular defect of which appellee had not notice or knowledge, is immaterial.

Defendant's 8th request is faulty for a similar reason. What Smith and appellee saw was not the danger from which appellee suffered.

Defendant's instruction 9 has the same defect as 7 and 8.

Defendant's instruction 10, to the effect that if the ma-

chine had been in use several years it should be deemed safe, was wrong, for the evidence, without conflict, shows that the machine had been dangerous during the whole time of its use.

Defendant's instruction 11, to the effect that if such machines were babbitted and oiled they had been considered safe, is wrong, for the failure to keep it oiled would not have contributed to the injury.

Defendant's 16th and 18th instructions have the same fault as his instruction 10.

Defendant's request 26 is, in effect, that if appellee was disabled from heart disease, even if it were caused by the injury, that he could not recover.

As to the direction of the court to find special facts, this is a matter in the discretion of the court, and no error. The instructions given by the trial court were correct and full, and were at least as favorable to appellant as the law would permit, and he cannot justly complain of it in parts or as a whole.

We find no error in the points above mentioned, or in regard to any point or rulings excepted to.

Let the judgment be affirmed.

TURNER, J., and ALLYN, J., concurred.