## MEIER V. SHRUNK.

1. **Animals**: BULL AT LARGE: PERSONAL INJURY: NEGLIGENCE: EVIDENCE. In an action for personal injuries inflicted by defendant's bull while running at large, evidence to the effect that defendant frequently permitted the bull to run at large in the road was properly admitted as bearing on the question whether the bull was at large with defendant's permission at the time of the injuries; and evidence as to the character and general reputation of the bull as being vicious, and as to what had been told to plaintiff on that subject, was properly admitted as bearing on the question of plaintiff's contributory negligence.

2. ———: ———: ———: CONTRIBUTORY NEGLIGENCE. Whether it was negligence for plaintiff in such case to strike the bull with his cane before he was attacked was a question for the jury, after considering all the circumstances of the case.

3. ———: ———: ———: INSTRUCTION. In such case the court properly instructed that plaintiff was not required to prove that the highway where the bull was at large was legally established, but that it was sufficient to show that the road was open to the public, and used by the public as a highway.

4. ———: ———: ———: DEFENDANT'S KNOWLEDGE. In such case plaintiff was not required to prove that defendant knew the bull to be vicious. (See McClain's Code, sec. 2255.)

| | |
|---|---|
| 79 | 17 |
| 89 | 220 |
| 79 | 17 |
| 103 | 154 |
| 79 | 17 |
| 108 | 26 |
| 79 | 17 |
| 123 | 96 |
| 79 | 17 |
| 124 | 201 |
| 79 | 17 |
| f138 | 300 |

5. ———: ———: ———: PLEADING: INSTRUCTIONS. In such case, where plaintiff alleged that by reason of his injuiries he "became sick, sore and lame, and so continued for a long time, and is not yet fully recovered therefrom, during all of which time the plaintiff thereby suffered great pain, and was thereby prevented from performing his lawful business," *held* that the allegations were sufficient to justify the court in submitting to the jury the question as to damages for loss of time, as well as the question as to damages for future disability.

*Appeal from Clayton District Court.*—HON. L. O. HATCH, Judge.

FILED, JANUARY 21, 1890.

THE plaintiff, for cause of action, alleges that the defendant was the owner of a vicious bull, and that, knowing it was vicious, and accustomed to attack mankind, he unlawfully permitted it to run at large; that on December 24, 1886, the plaintiff, while passing along a public highway, using due care, was attacked by said bull, so running at large, and was gored, bruised, wounded, and had three ribs broken, by said bull, by reason of which plaintiff became sick, sore and lame, and so continued for a long time, and "is not yet recovered therefrom;" that he has suffered great pain and loss of time, and was put to great expense in consequence of said injuries, and otherwise injured, to his damage three thousand dollars. Defendant answered, denying generally, and alleging that the defendant provoked the bull to attack him by striking it with a stick. Trial to a jury, and verdict and judgment for the plaintiff. Defendant appeals.

It appears, by uncontradicted testimony, that in December, 1886, the defendant resided on the north side of an east and west public road; his barn, situated east of the house, also being on the north side of said road, a short distance north therefrom,—the space between the barn and the road being open ground, and used by the defendant for feeding cattle. It also appears that about the twenty-fourth of December, 1886, the plaintiff

was traveling on ·foot eastward, along said road, or upon said open space, carrying a cane in his hand; that recently before defendant's children had driven said bull, with other cattle, from a field along said public road, on the open ground, south of defendant's barn; that while the plaintiff was passing, as stated, he was attacked by defendant's bull. There is more or less conflict as to all the other questions in the case. In obedience to the requirements of the court, the jury found specially that the plaintiff did strike the bull with his cane before the bull attacked him; that the plaintiff did not provoke the bull to attack him by striking it with his cane ; and that the act of striking the bull did not show a want of ordinary care on the part of the plaintiff. After the verdict, defendant moved to set aside the general verdict, and for judgment for costs, on the ground that the general verdict was inconsistent with the first special finding, and that the second and third special findings were not supported by sufficient evidence, and were contrary to the evidence, and to the first finding. The defendant also moved to set aside the verdict, and for new trial, on the same grounds, and that the verdict was contrary to the evidence ; that the court erred in submitting the third question to the jury, and in giving to the jury parts of the third, fourth and fifth instructions ; and that the verdict was contrary to the second instruction, in that it appears from the evidence that the plaintiff, by his own negligence, contributed to the injuries complained of. These motions were overruled, to which the defendant excepted, and assigns said rulings, together with the overruling of objections to testimony, as errors.

*J. Larkin*, for appellant.

*J. O. Crosby* and *D. D. Murphy*, for appellee.

GIVEN, J.—I. The testimony objected to was to the effect that defendant frequently permitted his bull

Meier v. Shrunk.

1. ANIMALS: bull at large: personal injury: negligence: evidence.

to run at large in the road ; as to the character and general reputation of the bull as being vicious ; and what had been told to plaintiff on that subject. There was no error in admitting this testimony. If the defendant frequently permitted his bull to run at large, that fact was proper to be considered in determining whether he was at large with defendant's permission at the time plaintiff was attacked. The disposition of the bull, and what the plaintiff knew about it, were proper subjects for consideration in determining whether plaintiff negligently provoked the attack, or whether it was made without provocation. Plaintiff's information as to the disposition of the bull was material in deciding whether he acted negligently or not.

II. Appellant's motion to set aside the general verdict, and for judgment and for costs was properly

2. contributory negligence.

overruled. There was evidence from which the jury might find as they did. It was not negligent of itself for plaintiff to strike the bull with his cane. Whether such striking was negligent or not depends upon the attending circumstances. If the plaintiff might reasonably believe that by striking the bull with his cane he would thereby avoid danger, he might properly do so. Hence there is no conflict between the findings, nor between them and the general verdict.

III. For the reasons already stated, there was no error in refusing a new trial on the grounds alleged,

3. instruction.

with respect to the special findings. The general verdict is certainly not contrary to the evidence, and we think is so fully supported by it that the court should not interfere with the conclusion of the jury. The third special finding submitted by the court directed the attention of the jury specifically to the question as to whether the plaintiff was negligent; thus pointing out one of the important questions for them to determine. The court instructed the jury that the plaintiff was not required to prove that the highway

was legally es tablished as such; that the evidence was sufficient if it showed that the road was open to the public, and used by the public as a highway; and that, if the bull was loose in such highway, not under control, he was running at large. One of the purposes of the law in requiring such animals to be restrained is that the people may not be exposed to attacks from them, while in open places, where the public may rightfully go, whether the place has been dedicated to public use or not.

The court also instructed the jury that "the defendant claims that plaintiff, in passing the bull, provoked the bull to make the attack upon him, by striking the bull with a cane or stick, without reasonable cause. If you find that the plaintiff struck the bull, and thereby excited him to make the attack, you will not assume, as a matter of law, that the plaintiff was in fault, but you will inquire whether, under the circumstances, the plaintiff had or had not reasonable cause to strike the bull with his cane. You will carefully notice what the plaintiff did, if anything; his situation at the time, as it appeared to him; and all the circumstances surrounding him; and decide whether he acted as a man of ordinary prudence or not." We repeat that it was not negligence, of itself, for the plaintiff to strike the bull and that whether the act was negligent or not must be determined by the circumstances. The instruction is in accord with this view.

*same as number 2.*

The court also instructed the jury that the plaintiff was not required to prove that the defendant knew the bull was vicious, "and that every owner of a bull is prohibited from allowing his bull to run at large, and if he permit such bull to be at large on the public highway, in violation of the law, he is made liable for all damages done by such bull while so unlawfully at large, unless the injured party is himself at fault." These instructions are in accord with section 2255, McClain's Code.

*4. defendant's knowledge.*

Upon the subject of damages the court instructed as follows: "If you find for the plaintiff, you will assess the damages to which you believe him entitled. In so doing you will allow him (1) what he has paid out for medical. and surgical treatment of his injuries; (2) a reasonable compensation for his loss of time, in consequence of the injuries inflicted upon him by the bull; (3) a just and reasonable compensation on account of the pain and anguish caused to plaintiff by said injuries; and if you find from the evidence that the plaintiff's injuries are permanent, and that a partial disability, resulting from these injuries, will continue in the future, you may allow plaintiff something, also, on account of such future disability, taking care that such allowance is just and reasonable, and supported by the evidence of the case." Appellant's contention is that plaintiff did not claim for loss of time; the petition alleging that "the plaintiff became sick, sore and lame, and so continued for a long time, and is not yet fully recovered therefrom, during all of which the plaintiff thereby suffered great pain and was thereby prevented from performing his lawful business." This is sufficient allegation to sustain an allowance of damages for loss of time. If appellant desired a more specific statement, he should have asked it by motion. While the value of his time was not as fully proven as it might be, yet there was evidence that he had been paid $1.75 a day before the injuries. Appellant's further contention is that there is no claim for future disability. The plaintiff charges that he is not yet recovered from his injuries. This, we think, was sufficient to warrant the court in submitting the question as to future damages. We find no error in the action and rulings of the district court. The judgment is therefore

AFFIRMED.