J. H. FLANAGAN, Appellee, v. BALTIMORE & OHIO RAILROAD COMPANY, Appellant.

1.  **Negligence:** PERSONAL INJURY: CONTRIBUTORY NEGLIGENCE: INSTRUCTIONS. Where in an action for damages for personal injuries, sustained through the negligence of a railway company, no instructions were asked or given to the jury concerning the rules of contributory

negligence as affecting the plaintiff's right to recover, but the petition alleged the exercise of care on the part of the plaintiff, and it clearly appeared from the evidence that the defendant was negligent, and that the plaintiff was free from negligence, *held*, that the omission in the instructions was without prejudice to the defendant.

2. ——: ——: INSTRUCTIONS TO JURY. The accident in which the plaintiff was injured having been caused by the spreading of the rails, the defendant asked two instructions to the effect that the fact that the switch at which the car left the track was not locked did not constitute negligence, if the purpose of the lock was not to prevent spreading of the rails. These instructions the court modified, by adding the words, "If the defendant used due care and diligence, as herein expressed, to otherwise fasten and secure the switch. *Held*, that as the verdict would have been for the defendant if the jury had found that the defendant had used due care to fasten and secure the switch, the modification of the instruction was without prejudice to the defendant.

3. ——: DAMAGES: PLEADING: EVIDENCE. The insufficiency of the facts pleaded in the petition as the basis of a claim for damages cannot be raised for the first time by objections to the admission of evidence upon the trial.

4. ——: ——: ——: ——. Where damages for loss of time are claimed, because of injuries causing permanent disability, it is not necessary that the petition allege the character of the plaintiff's occupation, and the amount of his earnings, to authorize proof of such facts upon the trial.

5. ——: COMPENSATORY DAMAGES: EVIDENCE: INSTRUCTIONS. The jury were instructed that in their determination of the amount of compensatory damages to be recovered by the plaintiff, they should allow such damages as would "fairly compensate" the plaintiff "for what he paid out or incurred for medical attendance." *Held*, that the instruction being in the alternative as to the allowance of such expenses either paid or incurred, the instruction was not erroneous though the evidence failed to show the actual payment of any sum; and that the jury must have understood from such instruction that only reasonable and necessary expenditures were to be allowed.

*Appeal from Clinton District Court.*—HON. A. HOWAT, Judge.

FRIDAY, OCTOBER 23, 1891.

ACTION to recover damages for personal injuries sustained by the plaintiff while a passenger upon the

defendant's railroad car, by reason of the negligence of the defendant's employes.   There was a judgment on a verdict for the plaintiff.   The defendant appeals. *Affirmed.*

*E. S. Bailey* and *A. P. Barker*, for appellant.

*Walter I. Hayes, J. S. Darling* and *A. L. Schuyler*, for appellee.

BECK, C. J.—The questions argued by the defendant's counsel involve the correctness of the rulings of the court upon the instructions.   No other branches of the case can be discussed.

I.   No instructions were asked or given announcing the rules of the contributory negligence of the plaintiff.   It is now insisted that the court

1. NEGLIGENCE: personal injury: contributory negligence: instructions.

erred in failing to present to the jury the rules of law upon that subject.   The plaintiff's care is duly alleged in the petition, the allegations whereof are denied in the answer. The evidence fails to show negligence on the part of the plaintiff, but, on the other hand, clearly shows. that at the time of the accident, which was a collision caused by a defective switch, the plaintiff was in a. proper and safe place on the car, and did no act tending to endanger his person or expose it to injury.   Had there been a verdict based upon a finding of the plaintiff's negligence, it would have been utterly without. the support of the evidence, and for that reason would have been set aside.   It follows that no prejudice could have resulted to the defendant by the failure of the court, by instructions, to direct the attention of the jury to the issue involving the plaintiff's care, and the omission to present to them rules to guide them in reaching a conclusion thereon.

VOL. 83—41

II. The defendant requested the court to give two instructions, to the effect that the fact, that the switch at which the car left the track was not locked, did not constitute negligence, if the purpose of the lock was not to prevent spreading of the rails, which caused the car to leave the track. The court modified the instruction by adding thereto these words, "if the defendant used due care and diligence, as herein expressed, to otherwise fasten and secure the switch." In a prior instruction the court had, in effect, directed the jury that, if the defendant had negligently failed to fasten and secure the switch, and the accident was caused thereby, the defendant was liable to the plaintiff for the injury he sustained. The modification to the instruction is not clear. It could not, however, have been the purpose of the court to instruct the jury, and they would not have so understood the modification, that the defendant would be liable for neglect in not locking the switch, if it had not used due care to secure it otherwise. It is probable that the court intended to say to the jury that the defendant would not be liable on account of the switch, if the lock was not intended to prevent spreading of the rails, or if due care was not exercised to otherwise fasten the switch. We think no prejudice resulted from the instruction, for, if the jury had found that the defendant had used due care to fasten and secure the switch in accord with the modification, the verdict would have been for the defendant under that modification, as well as under the prior instructions referred to therein. If the jury had found that the defendant failed to use. such due care, then the verdict should have been for the. plaintiff under such prior instructions. It clearly appears that the modification could not have worked prejudice to the defendant.

2. ——: ——: instructions to jury.

III.    The plaintiff was permitted to prove his skill as a mechanic, and that he was employed as an overseer in a carriage manufactory, and the wages he received. It is insisted this evidence was not admissible, for the reason that there was no allegation in the petition as to his skill or capability to earn wages. If the defendant esteemed the petition insufficient to disclose the facts upon which claims. for damages could be based, a motion for a more specific statement of the petition as to the matter would have been sustained, if made by the defendant, who cannot be permitted to raise this objection first at the trial, when he had ample opportunity to make it in time to permit correction of the defect in the pleading before trial. *Luck v. City of Ripon,* 52 Wis. 196; 8 N. W. Rep. 815; *Hunter v. Stewart,* 47 Me. 419; *City of Bloomington v. Chamberlain,* 104 Ill. 268.

*3. ——: damages: pleading: evidence.*

IV.    The petition claims damages for loss of time for injuries causing permanent disability. It is not necessary that the petition allege the character of the plaintiff's occupation, and the particulars as to his earnings, to authorize the introduction of evidence showing his occupation and the extent of his earnings. *Wade v. Leroy,* 20 How. 34; *Treadwell v. Whittier,* 22 Pac. Rep. (Cal.) 266.

*4. ——: ——: ——: ——.*

V.    The eleventh instruction directed the jury that the plaintiff was entitled to recover compensatory damages, and that in determining the amount thereof they should "allow him for what he paid out or incurred for medical attendance." The instruction clearly directs the jury to allow the plaintiff whatever expenses he paid, or for which he became liable, for medical attendance. It is insisted that this instruction is erroneous, for the reason that there is no evidence that the plaintiff paid any sum for medical attendance.

*5. ——: compensatory damages: evidence: instructions.*

The language of the instruction above quoted directs the allowance of medical expenses "paid out or incurred." Being in the alternative, it would be followed by allowing for the medical expenses "incurred" (become liable for,—Webster's Dictionary), and the jury could not have understood that they were directed to find for expenses paid in the absence of proof thereof. Our conclusion on the point is not in conflict with *Reed v. Chicago, R. I. & P. Ry. Co.*, 57 Iowa, 23, and *Stafford v. City of Oskaloosa*, 57 Iowa, 748. In these cases there was no evidence to which instructions as to medical expenses, either paid or incurred, were applicable.

The defendant objects to the instruction just referred to, for the reason it did not limit the expenses for which the plaintiff may recover to such as were reasonable or necessary. The instruction directs the jury that they should allow the plaintiff such damages as would "fairly compensate him." The jury would surely understand that unreasonable or unnecessary outlays would not be the foundation upon which to allow fair compensation, and, therefore, such outlays should be excluded from the consideration. But, if the instruction be regarded as faulty in not limiting the expenses to be allowed to such as are reasonable or necessary, no prejudice resulted to the defendant therefrom. The medical expenses were shown by the evidence to be forty or fifty dollars. It is not pretended that the expenditure of such a sum was unreasonable or unnecessary. We will presume that the finding of the jury as to the expenses did not exceed the amount thereof shown in the evidence. The defendant, therefore, suffered no prejudice by reason of the instruction.

These considerations dispose of all questions in the case. The judgment of the district court is AFFIRMED.