MORAN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.   June 22, 1905.)

DAMAGES—PERSONAL INJURIES—INABILITY TO PERFORM WORK—EMPLOYMENT OF HELP.

Where a complaint for injuries to a married woman living with her husband alleged that, by reason of the injuries, plaintiff was for a time prevented from performing her usual duties, and thereby suffered the loss of an income, evidence that plaintiff conducted a boarding house as her own separate business and had the income or profit therefrom, and that she was disabled for eight weeks and was required to employ a woman to do the work which she herself had formerly performed, was proper.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Mary Moran against the New York City Railway Company.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

William E. Weaver, for appellant.

H. A. & C. E. Heydt, for respondent.

MacLEAN, J.   In her action to recover damages for personal injuries claimed to have been sustained in consequence of the negligence of the defendant, the plaintiff was awarded the sum of $200 therefor, which, with costs and extra costs, totaled $224.67.   It may not here be said that the judgment rendered by the trial justice was against the weight of evidence, nor that it was, as upon this appeal contended, in part upon improper evidence.   Against the objection and exception of the defendant, the plaintiff, a married woman, and living with her husband, was permitted to testify to her disablement for a period of eight weeks, and to the employment of a colored woman at $1.50 per diem to do her usual work—the work that she performed before the accident.   She testified that she kept some boarders, and, over objection and exception, that this boarding business was her own separate business, and that she had the income or profit thereof.   This was not improper, in view of the allegation in her complaint, wherein "plaintiff further alleges as special damage that, by reason of the injuries so sustained, she was for a long time prevented from performing her usual duties or attending to her usual work and occupation, and thereby suffered the loss of her income therefrom," and of the decision of the court in Uransky v. D. D., E. B. & B. R. R. Co., 118 N. Y. 304, 23 N. E. 451, 16 Am. St. Rep. 759, without any consideration of chapter 289 of the Laws of 1902.

Judgment affirmed, with costs.   All concur.