MAX ALEXANDER, PLAINTIFF-RESPONDENT, v. JAMES R. CHEASTER, DEFENDANT-APPELLANT.

Submitted October 29, 1932—Decided January 31, 1933.

For the appellant, *Arthur T. Vanderbilt.*

For the respondent, *Simon L. Fisch.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff below obtained a judgment, entered upon a verdict at the Essex Circuit, for damages sustained by him as a result of being struck by the defendant's automobile on September 24th, 1930, and the defendant appeals.

The plaintiff's complaint, after alleging, among other things, that, as a result of the collision, the plaintiff suffered grave and severe bodily injuries, among others, dislocation and fracture of the shoulder, continued thus: "6. As a further result of the injuries caused as aforesaid, the plaintiff, Max Alexander, was confined to his bed for a great length of time, was prevented from attending to his normal

occupation for a great length of time and has suffered great damage by reason thereof."

At the trial, plaintiff proved without objection that at the time of the accident he had a shop where he manufactured certain articles of jewelry; that he performed certain work in connection therewith, requiring physical exertion; that as a result of the injuries sustained he could not do that work. Over intermittent objections of the defendant, the court permitted the plaintiff to further testify that he hired others to substitute in his place from time to time, to do the work which he ordinarily performed, and as to the amounts paid by him for such substituted hire. No exception was taken to the court's charge as to the effect to be given to such evidence.

The sole contention of the defendant now is that the lower court erred in permitting the plaintiff to testify as to payments made for the hire of other persons hired by him from time to time to substitute in his place and to do the work which the plaintiff ordinarily performed prior to the accident.

We do not stop to consider the doubtful question whether there were any objections or exceptions to evidence sufficient as a basis for appeal, but we proceed now to consider the question which defendant seeks to raise.

The defendant contends that the court in allowing such evidence erroneously permitted proof of special damages under a general allegation of damages, and he relies chiefly upon the case of *Gumb* v. *Twenty-third Street Railway Co.,* 114 *N. Y.* 411.

But we think that contention ill-founded for reasons we will now state:

Of course we recognize the general rule that when the law does not necessarily imply that the plaintiff sustained damages by the act complained of, it is essential that the resulting damage should be alleged in the complaint with particularity. The purpose of that rule is to apprise the defendant of the damages to be claimed and to prevent surprise. So, conversely, if there appear any statement in the complaint which puts the defendant on notice as to the damages claimed, that

statement is a sufficient allegation of special damages. Applying this test to the complaint in hand, we think it sufficient to admit the evidence in question.

As we have pointed out, the complaint specifically states that plaintiff was confined to his bed for a great length of time, and was prevented from attending to his normal occupation for a great length of time, and has suffered great damage by reason thereof.

Of course we cannot expect or require a complaint to be guarded against all criticisms which the ingenuity of counsel can suggest, unless they are substantial. Certainly, the present complaint cannot fairly be construed as confining the damages to the pain and suffering and the expenses which plaintiff incurred in the cure and treatment of his injuries. Reasonably interpreted, the complaint, taken as a whole, embraces damages to the plaintiff as a result of his loss of time and earnings by reason of his inability to pursue his usual occupation. Incidentally we remark that the defendant could have obtained a more specific notice by requiring the plaintiff to answer a demand for a bill of particulars, but he went to trial without exercising that right.

Numerous cases hold that under substantially similar allegations it is competent for the plaintiff to prove what his business is, the damages he has suffered by reasons of his inability to pursue it, and his loss of time. *Wade* v. *Leroy,* 61 *U. S.* (*20 How.*) 34; 15 *Law Ed.* 813; *Luck* v. *City of Ripon,* 52 *Wis.* 196; 8 *N. W. Rep.* 815; *Bierbach* v. *Goodyear Rubber Co.,* 54 *Wis.* 208; 11 *N. W. Rep.* 514; *Meier* v. *Shrunk,* 79 *Iowa* 22; 44 *N. W. Rep.* 209; *Flanigan* v. *Baltimore and Ohio Railway Co.,* 83 *Iowa* 639; 50 *N. W. Rep.* 60; *Treadwell* v. *Whittier,* 80 *Cal.* 574; 22 *Pac. Rep.* 266; *Columbia and P. S. R. Co.* v. *Hawthorne,* 3 *Wash. T.* 353; 19 *Pac. Rep.* 25; *Campbell* v. *Wing* (*Tex.*), 24 *S. W. Rep.* 360; *Williams* v. *Edmunds,* 75 *Mich.* 92; 42 *N. W. Rep.* 534.

One who is injured in his person by the wrongful act of another, may recover for any loss sustained through being temporarily deprived of his capacity to perform his ordinary labor, or to attend to his ordinary business, that is, he

may recover for any loss of time, and consequent loss of earnings.  8 *R. C. L.* 474.

The complaint in the case *sub judice* specifically alleges loss of time and the plaintiff's inability to pursue his usual occupation.  Certainly evidence of expenditures for substituted hire was admissible, not as themselves recoverable *eo nomine,* but as evidence which the jury could consider in determining the value of the plaintiff's loss of time.

In *New Jersey Express Co.* v. *Nichols, 33 N. J. L.* 434, Mr. Justice Depue, speaking for this court, said:

"In actions of tort, where the *quantum* of damages is very much within the discretion of the jury, evidence of the nature and extent of the plaintiff's business, and the general rate of profit he has realized therefrom, which has been interrupted by the defendant's wrongful act, is properly received, not on the ground of its furnishing a measure of damages to be adopted by the jury, but to be taken into consideration by the jury, to guide them in the exercise of that discretion which, to a certain extent, is always vested in the jury. *Segdw. Dam.* 92; *Ingram* v. *Lawson,* 6 *Bing. N. C.* 212; *Allison* v. *Chandler,* 11 *Mich.* 543; *Taylor* v. *Dustin,* 43 *N. H.* 493; *Somans* v. *Brown,* 5 *R. I.* 299; *Wade* v. *Leroy,* 20 *How.* 34; *Lincoln* v. *The Saratoga and Schenectady Railroad Co.,* 23 *Wend.* 425."

In the Nichols case the plaintiff was an architect—a business depending on his personal services as much as that of a mechanic—and his emoluments were the result of his own earnings.  His injuries for a time incapacitated him from pursuing his occupation, and he sustained damages by reason thereof.  And the court said: "These damages resulted proximately from the wrongful act of the defendant's servants, and obviously should be included in the compensation to be awarded to him.  To what extent he had sustained pecuniary injury in that respect must depend upon the nature and extent of his business; and the jury would not be in a condition to reach any correct conclusion on that subject, unless they had before them some evidence of the value of the services to himself.  The evidence was competent in the cause

to go to the jury, to be taken into consideration by them, and allowed such weight as they, in the exercise of good sense and sound discretion, should think it entitled to." In that case, as in this, no exception was taken to the charge of the court as to the effect to be given to the evidence, and it is to be presumed that the jury were rightfully instructed on the subject.

In *Braithwaite* v. *Hall,* 166 *Mass.* 38; 46 *N. E. Rep.* 398, under an allegation that plaintiff was "put to great expense and loss of time," evidence of wages actually lost by him was admissible, not as themselves recoverable, but as a measure of the value of loss of time and power to labor of which he had been deprived.

Sutherland, in his work on Damages, section 1248, says: "Under an allegation of diminished capacity to labor one who has testified that he had become unable to do in person all his work, may also testify as to the cost of help employed by him; such evidence tends to show decreased ability and the extent thereof." Citing *McConnell* v. *Pittsburg Railroad Co.,* 234 *Pa.* 396; *Wellmeyer* v. *St. Louis T. Co.,* 198 *Mo.* 527; *Semple* v. *United Railroad Co.,* 152 *Mo. App.* 18; *Moran* v. *New York City Railroad Co.,* 94 *N. Y. Supp.* 302; *Kendall* v. *Albia,* 73 *Iowa* 241.

We think the rule pertinent to the present case, to be extracted from the authorities, is this:

Where the plaintiff was injured in his person by the wrongful act of the defendant, and plaintiff alleged in his complaint that as a result of such injury he "was confined to his bed for a great length of time and was prevented from attending to his normal occupation for a great length of time and has suffered great damage by reason thereof," and the plaintiff had testified that he was unable to do in person the physical work which he ordinarily did in his business before the accident, he may also testify as to payments made by him to others hired by him from time to time to substitute for him and to do the work which he ordinarily did, such testimony to be considered by the jury in determining the value of his loss of time and consequent loss of earnings.

Applying that rule the evidence in question was properly received, and the judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.