## MASON v. GREEN, Applt.

### *Appeal from Muscatine Circuit Court — Saturday, June 17.*

PLEADING: ANSWER TO INTERROGATORIES.

SUIT upon a promissory note of Green & Stone for the sum of $2,500, dated October 4, 1861, due one day after date. The defendant interposed an equitable defense, stating that the note sued on was executed by Stone after the dissolution of partnership between Stone and defendant, and that defendant had no knowledge of the execution of the same in the firm name until the institution of this suit; and that plaintiff, in consideration of certain undertakings upon the part of Stone, agreed to release defendant from all liability upon said note.

The defendant also alleged that certain lands conveyed to plaintiff by Green & Stone were held by him in trust, and prayed that he might be required to apply the proceeds thereof to the satisfaction of the note sued on, and to account to defendant for the balance. Appended to the answer were certain interrogatories, to which the plaintiff was asked to respond. The plaintiff, either by denial or by affirmative allegation, put in issue all the material allegations of the answer, and to the questions propounded answered as follows, to wit: 1. "State the amount of money you invested with Green & Stone in lands, on joint account, situated in the States of Iowa and Minnesota, at and before the 9th day of August, 1861." "For and on account of lands purchased and held on joint account, upon contract made by Green & Stone, with Alexander H. Bullock and the plaintiff, John C. Mason, which contract was afterward transferred by said Bullock to the plaintiff, the sum of $10,000 was advanced and invested by the plaintiff; and that, upon contract made by said Green & Stone with Charles W. Hartshorn, which was afterward transferred by him to the plaintiff, the sum of $5,000 was advanced, and invested by the plaintiff in purchase of said lands, as will appear by said contracts and assignments written thereon, copies of which are hereto annexed by way of exhibit, marked ———, and made part of this answer; and that upon the purchase of depot grounds, and under the contract made by said Green & Stone with plaintiff for that purpose, he advanced and invested in such lands the following sums of money, to wit: August 18, 1857, $7,000; September 5, 1857, $2,000; August 1, 1857, $10,000; February 10, 1858, $6,000; May 3, 1858, $3,500; August 19, 1859, $1,500; making in all the sum of $30,000; and the plaintiff alleges and shows that upon the two first-named of said contracts five per cent interest per annum, and upon the last-named of said contracts six per cent interest per annum, was to be paid for, and upon the sums advanced and paid them by plaintiff by the said Green & Stone, from the time said several sums were so advanced and paid, as will appear by reference thereto."

2. "State what lands were conveyed to you by Joseph A Green and George C. Stone, soon after their failure in business in 1861, giving the description as contained in the deeds therefor."

"The plaintiff says, in answer thereto, that no lands were conveyed to him by Green & Stone, or either of them, excepting the depot grounds, to which they had title at the time of their suspension and failure in 1861, and that, of these, the title to eighty acres in Louisa county, Iowa, was withheld and reserved by them. That the title to the other lands held on joint account never vested in said Green & Stone, or either of them, but was held by the other parties to said contracts and the plaintiff, and is now wholly in the plaintiff, so far as they remain unsold.

And the plaintiff, further answering, says, that said contracts, and each and every one of them having been abrogated, canceled and surrendered, as particularly set forth in the plaintiff's reply to defendant's

answer, and the exhibits therein referred to and made a part thereof, the particular descriptions of said premises becomes an immaterial, and, indeed, an impertinent question. And it would entail great labor, and consume much time and space to no good purpose, to set forth each particular tract and parcel of said lands as minutely as required by said interrogatory. He submits to the court whether he is bound to do the same, unless it shall become necessary to determine the merits of the cause."

3. "State what part, if any, of said lands you have sold, and the price sold for, with the names of the persons to whom you sold?"

4. "State what lands remain unsold, giving a particular description thereof by numbers, metes and bounds," etc. ?

"Plaintiff says, in answer thereto, that the several contracts relating to said lands having been abrogated, canceled and surrendered up, and the defendant and said Stone having parted with all their interests in said lands, and the proceeds thereof, and the same having become the absolute property of the plaintiff at great sacrifice on his part, as particularly set forth in his reply to the defendant's answers. Said questions become immaterial and impertinent to the present case, and for the reasons aforesaid, he submits to the court, whether he is bound to further answer the same.

But the plaintiff expressly disclaims all intention or desire to conceal any matter material to the proper determination of this cause, or proper to be considered therewith, and if, in the opinion of the court, the particulars desired by defendant in said interrogatories are pertinent, and necessary under the pleading, issues, and exhibits annexed to plaintiff's reply, he will furnish the same as fully as he is able to do under the circumstances of the case."

The defendant filed a motion to require plaintiff to make full and complete answers to interrogatories 2, 3 and 4, which motion the court overruled, with the announcement that, if in the future progress of the case it became necessary to a final disposition, the court would require the interrogatories to be answered. Upon the trial, judgment was rendered against the defendant for the sum of $3,872.16.

Defendant appeals.

*Henry O'Connor* and *Thomas Hanna* for the appellant — *Cook & Drury* and *Richman & Carskaddan* for the appellee.

DAY, Ch. J. — I. It is claimed that the court should have compelled the plaintiff to make more full answers to the second, third and fourth interrogatories, or should have held that, by the failure to make such answers, the defense was established.

The action of the court was, in our opinion, judicious and proper. If the allegations of plaintiff that all of the contracts had been abrogated, canceled and surrendered, and that the lands had been conveyed to him absolutely, in payment of sums due him from Green & Stone,

were true, the particular description of the lands unsold, as well as of those conveyed, and the price for which and persons to whom sold, possessed no materiality.

The court below, taking this view, announced at the time of overruling the motion that he would require the answers to be made, if, in the further progress of the case, they became necessary. The testimony taken upon the trial fully sustained the allegations of the plaintiff, and disproves those of the defendant. Under such circumstances, the answers to these interrogatories, however minute and particular, could not, in any way, have affected the ultimate result.

The defendant is not, therefore, prejudiced by the action of the court.

II. The evidence fully sustains the plaintiff's case. A review of it in detail would not be profitable. From it the following facts are established, to wit: Green & Stone in 1862, in their individual names, executed a deed of assignment, in which the note sued on is referred to as constituting part of the firm liabilities. At the time of the settlement between plaintiff and Green & Stone, in August, 1861, it appeared that plaintiff had advanced to them, on account of the purchase of lands, $45,000. These lands had greatly depreciated in value and were conveyed to plaintiff in discharge of the sums by him advanced. In addition to the sum so advanced, the plaintiff had accepted, for the accommodation of Green & Stone, a draft of $2,500, and another of $5,000, which had not matured at the time of the settlement, in 1861, and were not included in it. The $2,500 acceptance was paid at maturity by plaintiff, and the note sued on was given in consideration of such payment. The $5,000 acceptance being held by the Washington Branch Bank of Iowa, and not being paid at maturity, the plaintiff and George C. Stone, in lieu thereof, executed to said bank ten notes of $500 each, one of them falling due every four months. The plaintiff agreed to deliver up to George C. Stone the $2,500 note if he would pay the several notes of $500 as they matured. Stone paid four of said notes, and the plaintiff has been obliged to pay the remaining six. Stone is insolvent. These are in brief the material facts in the case. No agreement to discharge the defendant from liability upon the note is shown. An accord and satisfaction is not established. The ten $500 notes were not given in discharge of the $2,500. They were supported by an independent consideration.

The condition upon which the note sued on was to be delivered up to Stone was never fulfilled by him, and if it had been, his undertaking was to do no more than he was before under legal obligations to do, and hence the agreement to deliver up the $2,500 note was probably without consideration. At all events, not having performed the condition, which entitled him to the note, the agreement is unavailing to the defendant.

We are fully satisfied with the decree of the circuit court.

Affirmed.