GREENE, ROWLEY & CO. V. WOODS.

*Appeal from Poweshiek Circuit Court — Thursday, February 22.*

PLEADINGS: INTERROGATORIES TO ANSWER.

THIS is an action brought on two written agreements each of the following purport:

"I, Abner Woods, hereby agree that I will pay to The Central Railroad of Iowa, one hundred dollars at the completion of said road to Grinnell, provided at that time I am a resident and owner of property in this county.

"(Signed)     A. WOODS.

"GRINNELL, July 24th, 1869."

The petition states in substance that these promises to pay were made by defendant to induce the railroad company to build their railroad through Poweshiek county to the town of Grinnell, and in consideration of the promise of the company to so build their road to said town, and to issue certificates of stock in said road, upon the payment of the money he had thus promised; that the road was built to Grinnell according to the agreement of the company to do so; that certificates of stock had been made out and were ready for delivery upon payment by defendant, and that defendant still resided and owned property in the county, but refused to pay.

It is also alleged that the said written promises sued on were transferred to plaintiffs about the first day of May, 1870, by delivery.

The answer admits the execution of the agreements set out in the petition, that the railroad was completed to Grinnell by the third day of December, 1870, and that at that time he was a resident of, and property owner in Poweshiek county, but denies all the other allegations in the petition, and avers that said agreements were made and accepted as voluntary gifts to the railroad company, and not upon the consideration alleged or upon any consideration whatever.

To the answer five interrogatories are annexed, with defendant's affidavit thereto, stating that his answer is true, as he believes, and "that the subject of the interrogatories, as he verily believes, or some of them, are in the personal knowledge of the plaintiffs, and that the answers, if truly made from such knowledge, will sustain the claim of the defense or a part thereof."

The answer and interrogatories were filed before and about the time the cause was called for trial, whereupon plaintiffs filed a motion to strike out the interrogatories, which was sustained, and defendant

excepted. The cause was then tried before the court without a jury, and judgment rendered for plaintiff, which was duly excepted to. Various rulings on the trial were also excepted to and assigned as error by defendant.

The further necessary facts appear in the opinion. Defendant appeals.

*Phelps* and *Winslow & Wilson* for the appellant. No appearance for the appellees.

MILLER, J. — The grounds of the motion for striking out the first interrogatory, are:

*First.* It does not concern any material matters in issue.

*Second.* The defendant does not state that he believes there were other considerations and agreements, nor that in plaintiffs' original petition these were truly stated.

The interrogatory is in these words: " Whether any other consideration or agreements were made in connection with the said contracts, and whether said conditions are truly stated in plaintiffs' original petition."

We have seen that the plaintiffs claim in their petition that, at the time of the making of the agreements sued on, they agreed with defendant in consideration thereof to build their road to Grinnell, and to issue certificates of shares in the capital stock of the company, to defendant on payment by him according to the terms and conditions of his agreement. Now this is all denied in the answer, and it is averred that the agreements were merely gifts to the company. The question submitted in the first interrogatory is material to this issue. Plaintiffs averred the consideration for making the promises sued on. These averments were denied in the answer and the averment made that they were made and accepted as a gift. Upon this issue the law gives the defendant the right to take the testimony of the plaintiffs in this manner. Rev., § 2985. This method of procuring the testimony of the opposite party the statute provides, in addition to the other ordinary methods, and an interrogatory tending to elicit evidence pertinent and material to the issue ought not to be stricken out on the grounds assigned in the motion in this case.

The second, third and fifth interrogatories were attacked on the ground of immateriality, and the motion asks to have all the interrogatories stricken out, " because defendant does not state in his affidavit that he believes the plaintiffs have personal knowledge of the matters and things stated in his affidavit, as to be proved by them."

The defendant, in his affidavit, does state that he verily believes the subject of the interrogatories, or some of them, are in the personal knowledge of the plaintiffs, etc., which is in compliance with the statute. Rev., § 2991.

The order of the court sustaining the motion does not specify on what *grounds* of the motion it was sustained, but it is sustained gen erally to all the interrogatories, and none of them being vulnerable to this last objection, and some at least of the interrogatories being pertinent, and not subject to *any* of the objections stated in the motion, the ruling of the court in striking out all the interrogatories was erroneous.

On the hearing of the motion the plaintiffs submitted, in support of their motion, the affidavit of Quincy A. Gilmore, stating facts tending to show that plaintiffs had no personal knowledge of the subject of the interrogatories. Whether such an affidavit may be admitted in any case, in support of a motion of this character, we need not determine; but in this case it was clearly impertinent and inadmissible, because it did not tend to support any of the grounds of the motion.

It is to be presumed that plaintiffs had stated in their motion all the grounds that existed for striking out the interrogatories, and having stated no objection which this affidavit would tend to support, it was improper to receive and consider it in connection with the motion, against the objection of defendant.

The other errors assigned are based upon the principal one of striking out the interrogatories to the answer, and as that action of the court was erroneous we need not consider the others based thereon.

Reversed.