98 199
107 19
98 199
o123 96

## Agnes McFarland v. The City of Muscatine, Appellant.

**Special Charters: GENERAL STATUTE:** *Action against City.* Chapter 25, Acts Twenty-fifth General Assembly, is made applicable to cities acting under special charters, and provides that an action for injury through defective walks, must be brought against a city within six months, unless notice of the injury is served on the municipality within ninety days after injury occurs. A city, acting under special charter which authorized it to audit all claims presented, enacted by ordinance that all claims against the city must be presented to the council through some member of it. *Held*, one injured by reason of a defective walk, who has complied with said statute, may maintain suit therefor without such presentation of his claim to the council.

**Evidence.** Evidence of future disability is admissible in an action for personal injuries, under an allegation that plaintiff "*believes* that her injuries will incapacitate her from performing manual labor for the rest of her life,"—particularly where defendant, in his answer, puts in issue the permanent character of plaintiff's injuries.

**Practice: INTERROGATORIES.** Interrogatories to a plaintiff in an action for personal injuries, attached to the answer, as to where she was born, where she lived from the time she was twenty years old, and the name of those with whom she lived, or for whom she worked, and their addresses, and whether her parents were living, are not allowable under Iowa Code, section 2693, requiring that they concern material matters in issue.

**JURY QUESTION.** Evidence that plaintiff has been growing worse instead of better since the injury sued for, and that the effect of it might continue indefinitely, warrants telling the jury that in assessing the damages to which she may be entitled, they may consider the probable duration of the injury.

**Appeal.** The correctness of appellant's abstract on appeal cannot be successfully attacked in the argument, where no basis has been laid therefor by filing an amended abstract, questioning its correctness.

**FORM OF VERDICT.** The provision of Iowa Code, section 2803, that verdicts must be written and signed by a foreman chosen by the jury, is directory merely; and failure to comply therewith is not ground for reversal where it is not disputed that the verdict, as

entered, was the one returned, and it appears from the record that no objection was made to the form of the verdict at the time it was returned.

*Appeal from Muscatine District Court.*—Hon. A. J. House, Judge.

Thursday, May 14, 1896.

Action for damages, for injuries sustained by reason of falling upon a defective sidewalk. Trial to a jury, and verdict for plaintiff. Defendant appeals.— *Affirmed.*

*E. F. Richman* for appellant.

*D. C. Cloud* for appellee.

Kinne, J.—I. Plaintiff claims, that on the evening of November 16, 1893, and while she, in the exercise of due care, was walking upon a sidewalk in the defendant city, she stepped into a hole in said walk, was thrown down, bruised, and "her spine so badly injured as to render her almost entirely helpless, and, she believes, will incapacitate her from performing any manual labor for her whole life." The petition contains other necessary allegations as to notice to the city of the defective condition of the walk. The defendant answered, denying that plaintiff had sustained the injury as alleged, and denying that it was permanent, and denying that it was caused by defendant's carelessness or negligence, and averring that the injury, if any, was caused by plaintiff's own carelessness and negligence. There was a verdict for plaintiff for three thousand dollars.

II. The appellee, in argument, insists that the cause is not a condition to be determined upon its merits in this court. We do not deem it necessary to go into that question, as no amended abstract has

been filed by appellee. Appellant's abstract stands, therefore, as correct. The correctness of appellant's abstract cannot be successfully attacked in argument when no basis therefor has been laid by filing an amended abstract questioning its correctness.

III. Defendant attached to its answer certain interrogatories to be answered by the plaintiff. The plaintiff filed exceptions to all of them, and the exceptions were sustained as to the *first, second, third,* and *sixth,* to which ruling the defendant excepted. These interrogatories asked plaintiff when and where she was born, where she had lived from the time she was twelve years of age, and the name of the person or persons with whom she lived, or for whom she worked, and their address; what occupation she was engaged in just prior to coming to Muscatine, and for whom she worked; whether her parents were living; if so, their residence, occupation, and names. It is said the court erred in sustaining plaintiff's exceptions to these interrogations. Code, section 2693, provides: "Either party may annex to his petition, answer, or reply, written interrogatories to any one or more of the adverse parties concerning any of the material matters in issue in the action, the answer to which, on oath, may be read by either party as a deposition between the party interrogating and the party answering." This section furnishes a method, in addition to those otherwise provided, for procuring the testimony of the opposite party. Such interrogations must, however, be asked concerning material matters which are in issue. *Greene v. Woods,* 34 Iowa, 573; *Mason v. Green,* 32 Iowa, 596; *Hogaboom v. Price,* 53 Iowa, 703 (6 N. W. Rep. 43). The material matters put in issue by the pleadings in this case were the injury of the plaintiff, its character, extent, and effect, how it occurred, whether plaintiff, by her negligence

contributed to produce it; the condition of the walk when the accident occurred, and the knowledge of its condition by the city. Now, while it is possible that answers to the interrogatories excepted to, might throw some light upon some one or more of these matters, still such interrogators are not asked concerning any of the material matters in issue, and hence the exceptions to them were properly sustained. Some of these interrogatories were absolutely immaterial to the determination of any question that could arise in the case; as, for instance, the one asking for the birthplace of plaintiff.

IV. It is insisted, that under the issues no evidence of future disability could be admitted. This claim is based upon the theory, that the allegation relating thereto in the petition, charges a "belief," and not a fact. We think it would be carrying technicalities to a great length to hold that the allegation in the petition is insufficient upon which to base a claim for permanent injury, because it is averred that, as the plaintiff "believes," she will be incapacitated from performing manual labor for her life. The word "believe," is evidently used by the pleader in the sense of a conviction of the truth of what follows. It is, when so used, equivalent to saying that she is convinced of the fact that the injury is of a permanent character. The legal effect of the pleading would not have been different if, instead of the use of the word "believes," plaintiff had "averred" or "alleged" that the injury was permanent. Again, the defendant, in its answer, expressly put in issue the permanent character of plaintiff's injuries. Having treated the petition as properly pleading a permanent injury, defendant ought not now to be heard to say that such is not its effect. Furthermore, it is claimed, that the evidence was not such, as to the permanent character of the injury, as to warrant the court in submitting

that question to the jury. We shall not discuss this phase of the evidence. It was sufficient to warrant the submission of the question to the jury. The evidence, in brief, showed that the injury might continue indefinitely; that it was impossible to determine, with certainty, whether she would recover from the injury or not. It appeared, also, that plaintiff had been getting worse, instead of better, and under all of the facts, it was proper for the jury to pass upon the character, extent, and duration of the injury, in assessing the damages to which plaintiff was entitled.

V. Defendant pleaded that plaintiff ought not to be permitted to maintain her action, because she did not, before commencing her suit, present her claim in writing to the council of defendant city, as provided in its ordinances. The defendant city is acting under a special charter. An ordinance of the city provides, "that all demands against the city shall be presented to the council through some member thereof, in proper form, and in writing." Other provisions are made for auditing claims and for their payment. The ordinance was enacted under the provision of the special charter, which authorized the city to audit all claims against it. This action is brought under the provisions of chapter 25, Acts Twenty-second General Assembly, which provide that in cases of personal injury, resulting from defective sidewalks, no suit shall be brought against the corporation after six months from the time of the injury, unless written notice be served upon the municipality within ninety days thereafter, which must specify the place and circumstances of the injury. The act is expressly made applicable to cities like this, acting under special charters. It may be well doubted if the authority conferred upon the defendant city in its charter, to audit all claims presented against said city, conferred upon it power to prohibit the bringing of a suit for a

personal injury until the claim of damages therefor had been presented to the city council. Furthermore, by the act of the Twenty-second General Assembly, which, as we have said, is made applicable to cities acting under special charters, the law makes provision touching what must be done in cases like this, before the action is brought. Having complied with every provision of the statute relating to bringing her suit, plaintiff's actions cannot be abated because of her failure to comply with a provision of the city ordinance, which undertakes to make requirements in addition to those provided in the statute.

VI. Complaint is made, that the verdict of the jury was not signed by a member thereof, as foreman. Code, section 2803, provides, that "the verdict must be written and signed by a foreman, chosen by the jury itself," etc. This court long ago held that that provision of the statute was directory. *Morrison v. Overton*, 20 Iowa, 465. That the verdict, upon which the court entered the judgment was the verdict as returned by the jury, is not disputed; nor does it appear from the record, that objection was made by appellant, to the form of the verdict at the time it was returned. There is no claim of prejudice, by reason of their failure to sign the verdict. The objection is without substantial merit.

VII. It is said, that the verdict is not warranted by the evidence. Without considering it in detail, we may say, that the evidence was abundant to support the verdict. It is shown, without conflict, that plaintiff fell, and was injured, by reason of the hole in the sidewalk, and the negligence of the city, and the notoriety of the defect cannot, under the evidence, be seriously questioned. As is usual in such cases, the evidence as to the extent of plaintiff's injury, is conflicting. It is conceded in argument, that plaintiff was carried into and out of the court room during the trial.

The jury saw her, they saw and heard all of the witnesses, and hence were in a better situation to judge as to the weight which might properly be given to their evidence than we can be. It was for them to find the extent of plaintiff's injury, and there was evidence warranting their verdict. We discover no error.— AFFIRMED.