MARY S. FOOTE, Appellant, v. THE BURLINGTON GAS-LIGHT COMPANY.

**Damages:** SUPPLEMENTAL PETITION. In an action to recover damages for injury to property, resulting from the maintenance of a nuisance, a claim for additional damages accruing since the commencement of the action, from a continuance of the same nuisance, may be set up by supplemental petition.

**Pleadings:** SUPPLEMENTAL PETITION. Facts occurring after the commencement of an action which merely strengthen, develop, or

| 103 | 576 |
| 111 | 181 |
| 103 | 576 |
| 120 | 448 |
| 103 | 576 |
| 124 | 746 |
| 103 | 576 |
| 127 | 381 |
| 103 | 576 |
| 143 | 363 |

reinforce the original cause of action or enlarge the extent of or change the relief sought thereby, may properly be introduced by supplemental petition, although they would support an independent action.

CONTINUANCE. The filing of an amendment or a supplemental petition does not alone entitle defendant to a continuance, but he must show some good reason why he cannot safely proceed with the trial.

*Appeal from Des Moines District Court.*—Hon. Henry Bank, Jr., Judge.

Thursday, October 28, 1897.

Action for damages occasioned by filling the air with gas, smoke, soot, and obnoxious odors from defendant's gas and electric plants, and carried to the premises of plaintiff, injuring her property, and interfering with the enjoyment of her homestead. There was a trial to the court, and judgment for the plaintiff. From an order granting a new trial, she appeals.— *Reversed.*

*C. L. Poor* and *W. C. McArthur* for appellant.

*Smyth & Lewald* and *Blake & Blake* for appellee.

Ladd, J.—This action was begun August 31, 1892, and the substituted answer filed September 21, 1895. The original petition alleges that from January 6, 1892, the plaintiff's property was injured, and its enjoyment interfered with, by the gas, smoke, soot, and obnoxious odors emitted from defendant's gas and electric plants, and claims damages in the sum of eight hundred dollars. The substituted answer sets up three defenses: (1) The statute of limitations; (2) that the operation of the plants was authorized by the laws of the state and the ordinances of the city; (3) a general denial. The case was set down for trial November 20, 1895, and on that day the plaintiff filed a supplemental petition alleging the wrongs complained of had been continued since the beginning of the action, and asking one thousand, two

hundred dollars additional damages. The defendant thereupon moved to strike the supplemental petition because not pertaining to the original petition, setting up a new cause of action, and filed too late. This motion was overruled, and the defendant asked for a continuance on the ground that "the supplemental petition claims for time subsequent to the filing of the original petition up to the present time, about three years and one-half, and for one thousand, two hundred dollars additional damages; this being, as defendant's counsel deem it, entirely new matter, and a claim for recovery of new money, and different from the recovery on the original petition, and one which they have not investigated or conferred with their clients or their witnesses concerning." To this the plaintiff objected because "there is no allegation that defendant cannot be ready to fully present the facts in defense to the supplemental petition, as well as to the original petition. * * * The president and general manager are in court, and can be consulted, if counsel desire. The defense for the time covered by the original petition must be the same as for the time covered by the supplemental petition." The court overruled the motion, remarking that, "in the absence of an averment, in a motion for continuance, that the counsel are not prepared to go to trial, and that they cannot properly present the case without a postponement, the court would not be warranted in con‧ tinuing the cause." The same defense was made as to the original petition, and the parties proceeded to trial. December 13, 1895, the court entered judgment against the defendant for nine hundred dollars. Motion for new trial was filed January 11, 1896, time for so doing having been extended to that date, and was afterwards sustained on the ground that the court erred in overruling the motions to strike and for continuance. In a written opinion filed, the presiding judge, who, by the way, did not sit at the trial, expressly states that he

does not pass on the other grounds of the motion for new trial, and for this reason they will not be considered here.

I. Why not permit damages since the beginning of an action to be claimed in a supplemental petition, when of the same nature, and occasioned by the same cause? The nuisance was a continuing one. Had no supplemental petition been filed, another action could have been maintained for the damages therein alleged. But, if the original action had been dismissed, the plaintiff might well have claimed, in a new petition, damages for the entire period, and no one would contend two causes of action were stated. It follows, then, that the original and supplemental petitions, when read together, state but one cause of action, and the relief sought is only enlarged. The true criterion for determining the propriety of a supplemental petition does not lie in ascertaining whether it states a cause of action which might be independently maintained. If it may be read with the original petition, and both considered as one pleading, and if its scope is limited to strengthening, developing, or re-enforcing the original cause of action, or of enlarging the extent of or changing the relief sought, then it meets the very purpose of such a pleading. *Leach v. Association,* 102 Iowa, 125. The new cause of action which the law will not permit to be thus pleaded is one not related to that stated in the original petition, and which, under the rules of pleading, must be set up in a separate count or division. It is the policy of the law to grant relief as far as possible, for all wrongs complained of growing out of the same transaction, and thus put an end to litigation. *Childs v. Railroad Co.,* 117 Mo. Sup. 414 (23 S. W. Rep. 373); *Richwine v. Presbyterian Church,* 135 Ind. 80 (34 N. E. Rep. 737); Boone, Code Pleadings, section 40. It was held in *Childs v. Rail-*

*road Co., supra,* that a continuance of the same grievance after the commencement of the suit might be pleaded by way of supplemental petition. See *Buckley v. Buckley,* 12 Nev. 423; Phillips, Code Pleadings, sections 317, 318. No good reason has been suggested for not disposing of this entire controversy between these parties in one action, and we think the ruling of the district court in permitting the supplemental petition was correct.

II. It will be observed that the right to a continuance as claimed is based on the mere filing of the supplemental petition. Surprise is not alleged, nor is it said that counsel were not then prepared to properly present their defense to the court. The filing of an amendment or of a supplemental petition will not alone authorize a continuance. For all the court may have known, the parties might have been fully prepared to proceed with the trial, and, if so, there was no occasion for delay. If the defendant had desired a continuance, some good reason for granting it ought to have been suggested. *Barnes v. Insurance Co.,* 75 Iowa, 11; *State v. Tieman,* 39 Iowa, 474; *York v. Clemens,* 41 Iowa, 95. No continuance should be granted except for the absence of evidence, unless the court is satisfied that substantial justice will thereby be more nearly obtained. Code 1873, section 2749. Such a showing was not made, and no prejudice appears to have resulted from the ruling. It follows that the district court erred in granting a new trial, and its order must be REVERSED.