E. E. EVANS, Appellee, v. F. D. ELWOOD, Appellant.

**Assault and Battery:** EVIDENCE: SELF DEFENSE. A defendant
1  pleading self defense to an action for damages for an assault
and battery cannot testify that his acts were done in defense
of his person, as that is the ultimate fact for the jury to de-
termine.

**Evidence:** STATEMENT OF DEFENDANT. Declarations of a defendant
2  in an action for assault and battery made on other occasions
concerning the plaintiff are inadmissible.

**Instructions:** PERMANENT INJURY. In an action for assault and bat-
3  tery, where the plaintiff pleads that he "believes" his injuries
to be permanent, the court in stating the issues may properly
instruct that he alleges permanent injury.

**Instruction:** FUTURE SUFFERING. Where the plaintiff in an action
4  for assault and battery pleads and proves such a physical con-
dition resulting from the injuries that future suffering is likely
to follow, he is entitled to have that element of damage sub-
mitted to the jury.

**Same.** A direction to the jury that in fixing the damages resulting
5  from an assault it may consider such pain and suffering as

plaintiff "may be reasonably certain to suffer in the future", is not objectionable as permitting the jury to speculate, when taken in connection with the other instructions.

*Appeal from Howard District Court.*—Hon. L. E. Fellows, Judge.

Monday, February 15, 1904.

Action for damages for an alleged assault and battery. Verdict and judgment for plaintiff, and defendant appeals. —*Affirmed.*

*H. T. & C. W. Reed* for appellant.

*C. C. Upton* and *Joseph Griffin* for appellee.

Weaver, J.—Plaintiff and defendant were rival buyers of live stock at the town of Elma, and competition between them had reached that strenuous stage where each strove to outdo the other in calling hard names and making accusations of dishonest conduct and practices. On June 15, 1901, the interchange of compliments resulted in an affray, out of which this litigation has arisen. Plaintiff alleges that defendant wrongfully assaulted him, and that within the course of a few minutes he repeated the assault, inflicting upon him more or less serious bodily injury, for which he seeks reparation in damages. The defendant denies the claim, alleges that plaintiff first assaulted him, and says that whatever force he employed on that occasion was used in self-defense only. He further, and by way of mitigation of damages, pleads that he acted under the excitement and anger produced by plaintiff's violent and abusive language addressed to him, and sets up a counterclaim for damages for slander. The plaintiff denies the alleged slander, and pleads in mitigation that the words spoken by him were uttered under the provocation and excitement resulting from defendant's assaults upon him, and without malice. As is usual in such cases, the bystanders who witnessed the altercation differ very widely in their version of the facts; but there is consider-

able testimony corroborating the plaintiff's story that, after a protracted passage of abuse and vituperation between him and the defendant, the latter announced his intention to "clean up" his enemy, and proceeded to do it. This testi· mony the jury evidently credited, and, after weighing assault against counter assault, and wrong against circumstance of mitigation, found that, to balance the account, the defendant ought to pay the sum of $450.

Of the several assignments of error, only the following are urged in argument:

I. The defendant, being examined as a witness on his own behalf, was asked by his counsel: "Now, at the time you say you kicked Mr. Evans, as you have stated, when he was threatening you with his club, you may state what you made the kick for; that is, whether it was for the purpose of defending yourself, or otherwise. State what you did it for?" Upon objection by the plaintiff, the witness was not permitted to answer. It is argued that, in actions where the intent or motive of a party is involved, he may be heard to testify concerning it. We need not question the correctness of this rule in order to sustain the ruling here objected to. The question is not a simple inquiry as to the intent of the witness, but calls upon him to swear whether he acted in self-defense. Whether he was acting in self-defense was one of those ultimate facts and conclusions which were to be determined by the verdict and the witness could not properly be permitted to thus take the place or exercise the functions of the jury. For the purposes of this appeal, it may be conceded that defendant could have been permitted to testify that he believed himself in danger from plaintiff's assault, and that he kicked his assailant to· ward off or prevent the threatened injury, but, having testified to these and other things pertaining to the circumstances relating to the affray, the inquiry whether the act was in self-defense was for the jury alone. *Gall v. Dickey,* 91 Iowa, 126. There was no error in excluding the answer of the witness.

*1. Evidence; self defense:*

II. One Ayres, testifying in defendant's behalf concerning the matters connected with the altercation on June 15, 1901, was asked: "You may state whether or not you heard Mr. Elwood say at other times that he didn't want to go to the stockyards for fear he might have trouble with the plaintiff?" Plaintiff's objection to this question was sustained. We think the ruling clearly correct. Assuming, for the purposes of the argument, that the declarations of the defendant made in his own interest just before going to the place of meeting with plaintiff would have been admissible, his declarations on other and distinct occasions are entirely too remote to afford any aid in arriving at the truth of the controversy here presented. In litigation of this nature there is always danger that the real question at issue may be side-tracked for the hearing of some or all of the collateral disputes and quarrels which cluster about a private feud of long standing, and it is proper for the court by its rulings to counteract the tendency, and confine the parties as strictly as practicable to the trial of the particular issues presented by the pleadings. The ruling complained of is in harmony with this suggestion.

*2. EVIDENCE: statements of defendant.*

III. It is said that the court erred in stating the issues to the jury, in that it is there stated that plaintiff's petition alleges his injuries to be permanent, when in fact the petition does not make such averment. Turning to the petition itself, we find it there alleged that plaintiff was for some time totally disabled by reason of his injuries, and that he is still partially disabled from such cause, is lame, and suffers pain physically and mentally; that he is still under care and treatment, and "believes said injuries to be permanent." In our judgment, this fully justifies the statement of the issues by the court. Strictly speaking, it was impossible for plaintiff to allege anything more than his belief of this fact. His injury was not of that character in which the permanency of the disability could be shown to a certainty, as in the loss of a limb or an eye. It was not beyond the range of possibility that he might yet

*3. INSTRUCTIONS permanent injury.*

fully recover, but he had the right to present the facts, and if, in the judgment of the jury, his injuries were permanent, he was entitled to have his damages assessed accordingly. Substantially the same question was before this court in *McFarland v. Muscatine,* 98 Iowa, 202, and we there said: "It would be carrying technicalities to a great length to hold that the allegation in the petition is insufficient upon which to base a claim for permanent injury because it is averred that the plaintiff 'believes' she will be incapacitated from performing manual labor for life. * * * The legal effect of the pleading would not have been different, if, instead of the word 'believes,' plaintiff had 'averred' or 'alleged' that the injury was permanent."

Appellant further urges that there was no allegation in the petition which would permit the jury to consider the future pain and suffering of plaintiff in the assessment of

4. INSTRUCT·ON: future suffering. damages. We think otherwise. There is the distinct averment that by reason of his injuries he has ever since the assault continually suffered, and still suffers pain, and that he believes said injuries to be permanent. There is no rule of pleading which requires a plaintiff in a personal injury case to allege in express and specific terms that he will undergo future pain and suffering on account of such injury. If he alleges and proves such a physical condition resulting from the alleged wrong that future suffering is likely to follow as a natural sequence, he is entitled to have that element of damage submitted to the jury. *Meier v. Shrunk,* 79 Iowa, 17; *Fry v. R. R.,* 45 Iowa, 417; *Stanley v. Cedar Rapids,* 120 Iowa, 526; *Smith v. Sioux City,* 120 Iowa, 50. The instruction given by the court below was well within the rule of these cases. The jury are here told they may take into their consideration such pain and suffering of the plaintiff "as he may be reasonably certain to suffer in the future."

The use of the word "may" in this connection is not open to the objection which has been sustained by this court in

cases cited by appellant. As here employed, the entire phrase
5. SAME.    ·    is equivalent to "such pain as you may· find he
is reasonably certain to suffer in the future." And this we
think is not subject to the criticism that it permits the jury
to go into the field of conjecture in computing the amount
of their verdict. Nor do we think it correct to say that the
instruction did not confine the jury to the evidence upon this
feature of the case. The whole paragraph is based upon the
opening phrase, "If, upon a consideration of all the evidence
touching plaintiff's claim for damages, you find," etc. The
caution is repeated later in the same connection, and the jury
told that, in returning a verdict for plaintiff, they must ex-
ercise their best judgment "from all the evidence" as to the
amount of damages. There was no error in this instruction.

V. In the eighth paragraph of the charge the court told
the jury, in substance, that, if plaintiff voluntarily engaged
in a fight with defendant, he cannot recover damages, unless
it appeared defendant beat him excessively and unreasonably.
Appellant argues that the verdict is contrary to the law of
this instruction. This, in effect, is a complaint that the ver-
dict is not warranted by the evidence, for counsel say the
testimony shows beyond question that the fight was volun-
tary upon plaintiff's part. In view of the record presented
by the appellant's own abstract, this point can scarcely be
relied upon by him with much confidence. The plaintiff
and several other witnesses unite in swearing that defendant
was the active aggressor, and made at least two or three dif-
ferent assaults upon the plaintiff. On the other hand, de-
fendant and his witnesses told a radically different story.
Reading these different versions of the conflict in plain, un-
embellished print, it is no easy matter to say which party
acted the part of lamb to the other's wolf, but the jury has
solved the doubt in plaintiff's favor. The verdict has sup-
port in the evidence, and we cannot disturb its finding.

The judgment below is AFFIRMED.