GEORGIA E. PALMER, Appellee, v. CITY OF WATERLOO,
                    Appellant.

**Municipal corporations:** SIDEWALK ACCIDENT: DESCRIPTION OF PLACE:
1 AMENDMENT. Where the place at which an accident occurs by rea-
    son of a defective sidewalk is fairly identified in the petition, an
    amendment which merely makes the description more certain does
    not introduce a new cause of action rendering the bar of the
    statute operative, even though filed after the time an action must
    be instituted.

**Same:** AMENDMENT OF PETITION: CONTINUANCE. Amendment of the
2 petition in a personal injury action which merely alleges an addi-
    tional element of damage, that so far as the record discloses can
    be investigated during the trial, is not necessarily ground for a
    continuance over the term; and in the absence of a showing of
    prejudice its refusal is not such an abuse of discretion as to consti-
    tute reversible error.

**Same:** DAMAGES: PAIN AND SUFFERING: PLEADINGS. Where the alle-
3 gations of the petition in a personal injury action are to the effect
    that the injury is permanent and that future pain is reasonably
    certain, a general allegation of damages comprehends future pain;
    but if the allegations of the injury do not indicate a condition likely
    to cause future pain, and such inference is negatived by allegations
    of the several elements of damage to be considered, future pain and
    suffering should not be taken into consideration.

*Appeal from Black Hawk District Court.*— HON. A. S.
                    BLAIR, Judge.

MONDAY, APRIL 13, 1908.

ACTION for damages resulted in a verdict and judgment
against defendant, from which it appeals.—*Reversed.*

*B. F. Swisher* and *J. E. Williams,* for appellant.

*Jesse Gouge* and *H. B. Boies,* for appellee.

LADD, C. J.— Owing to an alleged defect in a sidewalk of the defendant city the plaintiff, on February 24, 1905, slipped and fell, suffering serious injury therefrom.   Action was begun May 2d of the same year; the petition describing the location of the occurrence complained of as on " the south side of Franklin street near the corner of said Franklin street and Oak avenue, in front of lot 2, block 5, of the original plat of east Waterloo, the same being located in defendant city."   After nearly all of the evidence in plaintiff's behalf had been introduced plaintiff was permitted to amend her petition (1) by inserting in the description of the locality instead of " the original plat of " the words " Virdens addition to."   Exception is taken to this on the ground that a new cause of action was therein asserted, which had become barred by the statute of limitations.   The action was begun within three months after the injury, so that service of notice on the municipality was not essential (section 3447 of the Code), though one with location as stated in the petition was in fact served.   The variance in the description was through mistake, for there was no intersection of Franklin street and Oak avenue in the original plat.   The lot described, if in that plat, would have been on Sycamore street between Park avenue and Third street.   The officers of the city must be assumed to have known this, for it was a matter of public record, and reasonably would have rejected the allusion to the plat and looked for the place near the intersection of the streets designated in the petition.   This much is said, not as indicating that such a description in a notice would have been sufficient, for that question is not involved, but as showing that the petition fairly identified the particular place in the walk where the defect was alleged to have existed.

1. MUNICIPAL CORPORATIONS: sidewalk accident: description of place: amendment.

The amendment merely made that description more certain, and in no sense can be regarded as stating a new cause of action. *Sachra v. Manilla,* 120 Iowa, 562; *Thayer v. Smoky Hollow Coal Co.,* 129 Iowa, 550; *Gordon v. Railway,* 129 Iowa, 747, *Cahill v. Ill. Cen. R. Co.,* 137 Iowa, 577. For collection of cases on this subject, see note to *Missouri, K. & T. R. Co. v. Bagley,* 65 Kan. 188 (69 Pac. 189, 3 L. R. A. [N. S.] 259).

II. It appeared from the evidence that plaintiff was a married woman and resided at Arlington, some sixty miles from Waterloo. As a part of the amendment mentioned

2. SAME: amendment of petition: continuance.

plaintiff alleged that at and prior to the time of the injury she was engaged in a separate and independent business, which yielded her an income of $500 per annum, which she had been incapacitated from following. Counsel for defendant asserted that they had no opportunity to investigate the truthfulness of these allegations or procure evidence bearing thereon, and demanded a continuance of the trial. This was denied, and error is assigned. We cannot say from the record before us that there was any abuse of discretion in the ruling. The amendment merely alleged an additional element of damages of a character which could readily be investigated for all that appears during the course of the trial. The mere fact that plaintiff's home was sixty miles distant, in this age of rapid transportation, did not preclude a proper defense as to this feature of the case. A short postponement of the trial might have been found necessary, but, in the absence of any showing of prejudice, the refusal to continue cannot be held to have been such an abuse of discretion as to constitute reversible error.

III. Exception is taken to that portion of the tenth instruction which authorizes the jury to allow plaintiff such sum as will compensate her for the injuries which she has sus-

3. SAME: damages: pain and suffering: pleadings.

tained, including compensation for such pain and suffering as she has endured, and pay for loss of time, nursing, and medical attendance, which are the

direct result of her fall, as well as compensation for such disability, pain and suffering, if any, as she is reasonably certain to endure in the future.   The portion criticised is that which permits compensation for future disability and pain, not because the permanency of the injury and subsequent pain are not appropriate elements of damage in such a case, but for that these were not alleged in the petition. That pleading alleged that plaintiff did receive and sustain a severe and permanent injury, to-wit, a double fracture of the left forearm, both the radius and ulna bones of the said arm being broken at or near the distal extremity or wrist joint, and also injury to the back and spine.   Because of said injury plaintiff has suffered great physical and mental pain and anguish, and was obliged to and did employ help to the value of $20, and was obliged to and did employ medical and surgical assistance, and the plaintiff says that because thereof, together with her temporary and permanent physical disability, she has suffered damage in the sum of $3,000. Manifestly this warranted an allowance for future disability, but it excluded the consideration of future pain.   There is nothing in the description of her injuries from which it should be inferred that she suffered pain therefrom when the petition was prepared or thereafter, nor is there any express allegation that she then suffered, or would do so in the future.   The allegations of pain were all in the past tense, a circumstance of significance only in confirming the thought that the pleader did not contemplate future pain or suffering, for technically all damages resulting from an injury are sustained immediately.   *Bradbury v. Benton,* 69 Me. 194.

As contended by appellee it is not necessary always to specifically allege future pain and suffering, for this may be the natural result of the injury.   The plaintiff, under a general allegation of damages, may prove and recover all such damages as are the natural and direct consequence of the act of which complaint is made.   But the allegations of

the injury must be sufficient to apprise the adverse party at least inferentially of what may be reasonably anticipated, in order that he may be prepared to meet the proof. Thus in *Meier v. Shrunk,* 79 Iowa, 17, the allegation that the plaintiff had not recovered from his injuries was specific enough as a claim for damages for future disability, and in *Westercamp v. Brooks,* 115 Iowa, 159, an averment that the complainant was seriously and permanently injured in his shoulder, back, and breast, and that he will be in the future incapacitated from working and earning wages, was held sufficient to warrant the submission of future pain and suffering, the court saying that whether future disability will be accompanied with pain necessarily depends on the character of the injuries. In *Evans v. Elwood,* 123 Iowa, 92, the petition alleged that plaintiff ever since the assault had suffered and still suffers pain, and believed the injury permanent, and the allowance of damages for future pain was approved on the theory that a condition was alleged from which physical suffering was likely to follow as a natural sequence. And this is the general rule. *Edgerton v. O'Neil,* 4 Kan. App. 73, (46 Pac. 206;) *Gerdes v. Christopher & Simpson A. I. & T. Co.,* 124 Mo. 347 (25 S. W. 557). In each of above cases, however, there was a general allegation of damages, and the rule may be laid down that, when the allegations are in effect that the injury is permanent and future pain is reasonably certain, a general allegation of damages will be a sufficient basis for allowing compensation for these elements, as they are the natural result of the act complained of, and therefore need not be specially pleaded. But, if the allegations of the injury or the condition described as the consequence of the act complained of are not such as to indicate that it is likely to cause future pain and suffering, and any such an inference is rebutted or negatived by allegations of the several elements to be considered in fixing compensation, the elements of future pain and suffering should not be taken into consideration. This appears from *Shultz*

*v. Griffith,* 103 Iowa, 150, where there was nothing in the description of the injuries from which it might reasonably be inferred that thereafter plaintiff would be likely to suffer pain, and that she would not, the allegations in the past tense tended to confirm.   The case at bar is to be distinguished from those first cited, in that there was no general allegation of damages save as the sum of the elements specifically enumerated, and is like *Shultz v. Griffith, supra,* in that all the elements taken into account in making up the total sum are stated in the past tense; so that, claiming for future pain was not only not included by fair implication, but was excluded from the damages prayed for. Moreover the record leaves it extremely doubtful whether any basis for such recovery was established in the evidence.

Because of the error in authorizing the allowance of damages for future pain, the judgment is *reversed.*