C. R. STEWART, Appellee, v. GENE STEWART, Appellant.

PLEADING: Unallowable Amendment. An amendment which sets up a new, distinct, and independent cause of action which is in no wise germane to that set up in the original petition is not allowable.

*Appeal from Guthrie District Court.*—H. S. DUGAN, Judge.

MARCH 7, 1922.

ACTION at law, to recover a sum of money claimed to be due plaintiff from the defendant on account of certain transactions growing out of the lease of a farm, and to recover damages for the wrongful and malicious filing of an information by defendant, charging plaintiff with the crime of assault with intent to commit murder. There was a verdict and judgment in favor of plaintiff for $1,003.50, from which judgment defendant appeals.—*Reversed.*

*Allen T. Percy* and *W. D. Milligan,* for appellant.

No appearance for appellee.

STEVENS, C. J.—Plaintiff's original petition alleged that the defendant was indebted to him in the sum of $300 for the breach of the terms of an oral lease under which plaintiff claimed to have farmed 80 acres of land in Madison County, Iowa, during the season of 1919. The specific claim made was that defendant sold about 1,300 bushels of oats, grown on the demised premises, ·

one third of which belonged to plaintiff, and converted the proceeds to his own use, and plaintiff asked judgment therefor.

On January 24, 1920, plaintiff filed an amendment to his original petition, setting up a cause of action for damages on account of the alleged wrongful and malicious filing of an information before a justice of the peace, charging the plaintiff with the crime of assault with intent to commit murder. The cause of action alleged in the amendment accrued, if at all, subsequent to the filing of the original petition. The defendant filed a motion to strike the amendment, upon the ground that it alleged a new, separate, and independent cause of action, and was not in any respect germane to the cause of action contained in the original petition. This motion was overruled, and the cause tried to a jury, with the result above stated.

Many rulings of the court upon objections to testimony offered are assigned as error by appellant; but, in view of the conclusion reached that the ruling on the motion to strike was erroneous, and in view of the further fact that these alleged errors are not likely to occur upon a retrial of the cause in the court below, we do not deem it necessary to consider or pass upon these assignments. Exception was taken by counsel for appellant to the court's ruling upon the motion to strike plaintiff's amendment to the original petition, and same was also one of the grounds stated in the motion for a new trial. We have not been favored with an argument by appellee, nor a statement of the grounds upon which he relies to sustain the judgment from which this appeal is taken.

Section 3600 of the Code of 1897, authorizing certain amendments to pleadings and specifying the kind and nature of the amendments allowed, is as follows:

"The court may, on motion of either party at any time, in furtherance of justice and on such terms as may be proper, permit such party to amend any pleadings or proceedings by adding or striking out the name of a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceedings to the facts proved."

Section 3641 of the Code authorizes the filing of a supplemental petition, answer, or reply, and is as follows:

"Either party may be allowed to make a supplemental petition, answer or reply, alleging facts material to the case which have happened or have come to his knowledge since the filing of the former pleading; nor shall such new pleading be considered a waiver of former pleadings."

Section 3600 permits amendments to pleadings to be filed "in furtherance of justice and on such terms as may be proper, * * * by (a) adding or striking out the name of a party, * * * (b) correcting a mistake in the name of a party, or (c) a mistake in any other respect, or (d) by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceedings to the facts proved."

It is obvious that the amendment filed, which stated a new, separate, and independent cause of action, does not come within any of the provisions of Section 3600 of the Code. Nothing alleged therein is germane, or in any way related, to the original cause of action, and it does not purport to amend the same in any of the recited particulars.

Section 3641, supra, does not, in terms or effect, permit the setting up of an entirely new and distinct cause of action by way of a supplemental pleading. The amendment to plaintiff's petition does not allege facts material to the case originally pleaded which have happened or have come to his knowledge since the filing of the original petition. It is true that courts are liberal in allowing amendments, and that, unless the exercise of this right has been abused by the court, its discretion will not be interfered with on appeal. The citation of authority upon this point is unnecessary. Likewise, we have held that an amendment which sets up a new cause of action is not allowable under the statute. *Palmer v. City of Waterloo,* 138 Iowa 296; *Burke v. Burke,* 142 Iowa 206; *Herrstrom v. Newton & N. W. R. Co.,* 129 Iowa 507; *Allen v. City of Davenport,* 115 Iowa 20. The right of plaintiff to amend his petition by setting up an additional cause of action by way of a separate count is discussed in *Central City Sav. Bank v. Snyder,* 186 Iowa 265. In that case, plaintiff alleged three separate causes of action in separate

counts, upon three promissory notes, all of which were executed upon the same day, but matured on different dates—the first note in one year, the second in two years, and the third in three years. The action was commenced before the maturity of two of the notes. After their maturity, an amendment to each count of the petition was filed, setting up the maturity of the two notes and other material allegations. A motion to strike the amendment upon the ground that plaintiff did not have a right to amend his petition by setting up new, distinct, and independent causes of action, was filed by defendant and overruled by the court, and defendant appealed. We sustained the ruling of the court below, upon the ground that the amendment did not, in fact, set up new and independent causes of action; that only time was wanting to mature the notes sued upon; and that the amendment was germane to the causes of action set up in the original petition. We said:

"The amendment did not set out a new cause of action. The amendment was germane to the original cause of action. It simply asks more relief on the original cause of action than could be granted at the time the suit was commenced. Nothing but time was wanting to mature the whole indebtedness."

An amendment setting up a new, distinct, and independent cause of action in no sense germane or related to that set up in the original petition is not allowable, under our statute. Defendant's motion to strike should have been sustained. The discretion to be exercised by the court, in allowing pleadings to be amended, relates only to amendments coming within the purview of the statute. The verdict of the jury exceeded the amount claimed in the original petition by more than $700, so that plaintiff's recovery was, in large part at least, on the cause of action set up in the amendment. It follows that the judgment of the court below must be, and is,—*Reversed*.

WEAVER, PRESTON, and DE GRAFF, JJ., concur.