MARY L. ANSPACH, Appellee, v. MARTHA J. LITTLER, Appellant.

No. 41487.

NOVEMBER 22, 1932.

REHEARING DENIED MARCH 8, 1933.

Johnson & Teter, for appellee.

Vander Ploeg, Hays & Heer, for appellant.

EVANS, J.—The plaintiff introduced the evidence of several

witnesses, each of whom testified to circumstances and conduct on the part of the defendant which was deemed abnormal. The facts thus testified to were gathered into a hypothetical question, which was propounded to Dr. McClure, a medical expert. He was asked to state his opinion, based upon the recital of facts in the hypothetical question, whether the defendant was of sound or of unsound mind. The witness expressed an opinion adverse to the defendant. The only assignment of error to which we need give any attention is directed to this testimony and to Instruction 11, pertaining thereto. No other medical expert was used by the plaintiff. Three medical experts were called and examined by the defendant. Each of these testified to an opinion based upon examination and observation to the effect that the defendant was of sound mind. The only instruction given by the court on the subject of medical evidence was Instruction 11, as follows:

"(a)   The opinion of medical witnesses has been introduced in evidence upon the trial hereof. This kind of evidence is competent, and should be given such credit and weight as you may think it is entitled to receive, taking into consideration the learning, skill, and experience of such witnesses in their profession.   This is called 'expert evidence.'

"(b)   Where such expert opinion is based upon personal observation of the person whose mental soundness is the subject of inquiry, then, in addition to the learning, skill and experience of said witness expressing such an opinion, you will take into consideration his knowledge and opportunity for observation of such person, and from all of such facts and circumstances as developed by the testimony upon the trial of the case, giving to the testimony of each of such medical experts just such credit and weight as you may deem the same entitled to receive."

For convenience of reference we have divided the instruction into two parts, denoting them as (a) and (b). It will be noted that part (b) of the instruction was pertinent to the testimony of the medical witnesses of the defendant only. Part (a) was pertinent to the testimony of all the medical witnesses, including Dr. McClure. The appellant assails the instruction in that it instructed the jury to give weight and effect to the testimony of Dr. McClure regardless of the truth or falsity of the recital of facts included in the hypothetical question. Manifestly the weight to be given to the testimony

of Dr. McClure was fundamentally dependent upon the truth of the hypothesis of fact assumed. The answer of appellee to the appellant's contention at this point is that the instruction was good as far as it went, and that it was incumbent upon the defendant to request further specification if she desired it. We think the instruction was not "good as far as it went." It instructed the jury that "this kind of evidence is competent, and should be given such credit and weight as you may think it is entitled to receive, taking into consideration the learning, skill and experience of such witnesses in their profession." In other words, if the jury believed that Dr. McClure was possessed of adequate "learning, skill and experience," then the jury was to give weight to his testimony accordingly. Needless to say that it was vital to the weight of this testimony that the assumed facts upon which it was predicated should be found true by the jury. The question here raised received the consideration of this court in an early day. In re Will of Norman, 72 Iowa 84, 89 and Hall v. Rankin, 87 Iowa 261. In the Hall case we said (264-5) :

"The sole value of the opinion must, of necessity, depend upon the correctness of the statement of facts upon which it is based. If that is incorrect, then the opinion can have no weight or value whatever. It was held in *Re Will of Norman,* 72 Iowa 89, that, if some of the facts on which the opinion was based were not established by the evidence, the opinions of witnesses which were founded on the assumption of the existence of such facts would be of no value whatever."

We think the assigned error must be sustained. The omission from the instruction was doubtless inadvertent, but the appellant pressed her point on motion for new trial, and is entitled to its consideration on appeal. Inasmuch as there must be a reversal on this ground, we need give no attention to other points argued.

For the reason indicated, the judgment below is—Reversed.

STEVENS, C. J., and ALBERT, KINDIG, BLISS, and CLAUSSEN, JJ., concur.