MARY L. ANSPACH, Appellee, v. MARTHA J. LITTLER, Appellant.

No. 42495.

MARCH 6, 1934.

Vander Ploeg & Heer, for appellant.

Johnson & Teter, for appellee.

ALBERT, J.—On April 5, 1930, a petition was filed in the district court of Marion county, alleging that the defendant was mentally incompetent, and asking that a guardian be appointed for her person and property. Issues were joined and the case has been tried five times to a jury. Sandwiched between two of these numerous trials was an appeal to this court, in which an opinion was filed on November 22, 1932. See Anspach v. Littler, 215 Iowa 873, 245 N. W. 304.

When the case came on for trial, and after a part of the evidence had been introduced, in response to an inquiry from the court, the plaintiff amended her petition reiterating all the allegations contained in her original petition, and further stating that "said unsoundness of mind of the defendant has been continuous since the filing of said petition up to the present time, and that the defendant now is of unsound mind." This was done on October 23, 1933. The defendant filed a motion to strike this amendment on the ground that same raised a new issue, distinct and different from that pleaded in the original petition. The point raised is that the original petition which was filed in April, 1930, alleged that the defendant was then of unsound mind, and that by a proposed amendment the issue was changed by the allegations contained in said amendment. This motion was overruled. The defendant then filed a motion for continuance, bottomed on the ground that the amendment states a new and different cause of action than that alleged in the original petition, that the defendant and her counsel were surprised by the introduction of said new and different issue, that the defendant had prepared her case to meet the issue as raised in the original petition and was not prepared to meet the issue thus raised by the amendment, and that the defendant and her counsel had not investigated the facts and circumstances with reference to the condition of the defendant at a time subsequent to the filing of the petition or endeavored to ascertain who might be available witnesses covering said matter subsequent to the filing of the

petition; that the defendant was examined by physicians in 1930 for the purpose of meeting the issues then raised; and that the defendant now had no time to prepare to meet such issue, and she asked permission to make the necessary and proper examination to meet the issue thus raised. This motion for continuance was supported by affidavit. The court overruled this motion for continuance and the defendant stood on such ruling and refused to proceed further in the case. The court, however, proceeded to submit the case to the jury, which returned a verdict that the defendant was a person of unsound mind and that a guardian should be appointed for her person and property, and judgment was entered accordingly on the verdict.

Summarized, the errors relied upon for reversal are: First, that the court erred in permitting the amendment to be filed; and, second, that the court erred in ruling on the motion for continuance.

To a fair understanding of the proceedings in the lower court it is necessary to review the record in relation thereto.

After the trial was started to the jury, the plaintiff was on the witness stand and her counsel asked questions as to certain matters of conduct on the part of the defendant that occurred after April, 1930. This line of testimony was objected to on the ground that the transactions inquired into occurred subsequently to the commencement of the action. The court then inquired whether any supplemental pleadings had been filed, and attorneys for plaintiff stated: "We will ask leave to amend to cover not merely that time but the time down to the present time." This leave was granted over objections of defendant's counsel, and the ruling was excepted to. Quite an extended discussion then occurred between the court and respective counsel. Plaintiff's counsel stated: "If they want physicians to make an examination we can take an adjournment and they can have time to have a physician examine her." The court remarked: "This case has been tried four times to my knowledge, three times in 1930 and once in 1931. The case ought to be tried * * * but I do think if you want to have an examination made by physicians that you should be permitted to have that examination made, and have the physicians make report or testify, if you see fit. * * * If I thought you were going to be surprised I would not hesitate to continue the case. Well, we will take an adjournment for an hour and give you time to have a physician go down and make the examination." The court then adjourned until 11

o'clock a. m. The defendant then filed formal objections and exceptions to the granting of leave to plaintiff to amend her petition. Counsel for the plaintiff further stated: "Let the record show that the plaintiff is willing that the defendant have until one thirty P. M. tomorrow, or a longer time if necessary, to have a physical examination of the defendant and to procure such other witnesses as the defendant may desire." This last statement was made by counsel after court reconvened at 2 o'clock p. m. In response to an inquiry from the court as to whether he had anything further to say, Mr. Heer (defendant's counsel) said: "I am not present officially at this time. I am standing on the announcement made before." The court: "I am perfectly willing to postpone the entire hearing until tomorrow morning if you will go ahead with it, or give until afternoon tomorrow to get your evidence in." In response, counsel said: "Let the record show no further proceedings by us as counsel for the defendant subsequent to the announcement made in court at the time the motion was overruled." The court: "Let the record show that counsel, Mr. Heer, declines to take any part." The jury was thereupon called and the testimony continued.

Generally speaking, a proceedings of this kind for the appointment of a guardian is not adversary in the ordinary sense, and is prosecuted and defended solely in the interest of the defendant. No other person has a legal interest in the result and the matter is of the highest importance to the defendant. Richardson v. Richardson, 217 Iowa 127, 250 N. W. 897. In this same case it is held by the court that the action of the trial court in such cases should be scrutinized more critically and interfered with more readily than in cases of ordinary litigation between adverse parties.

The rule is well recognized in this state that, under certain circumstances, it is reversible error to refuse to strike an amendment setting up a new and distinct cause of action because same is not within the provisions of sections 11182 and 11221 of the Code. See Stewart v. Stewart, 193 Iowa 307, 186 N. W. 833. It is equally well settled that after an appeal the party cannot mend his hold and retry the case on a new cause of action and a new theory. State v. Cordaro, 214 Iowa 1070, 241 N. W. 448. While these are general rules on this proposition, a proceedings of this kind is somewhat outside of the ordinary. While the allegations of plaintiff's petition allege that the defendant was of unsound mind at the time the proceedings were instituted, if she was in that condition, then the pre-

sumption is that she continued to be until the contrary is shown. In other words, the allegations of her unsoundness of mind at the time the petition was filed are presumed to continue until they have been met and overcome by evidence to the contrary. In the trial of the cause, during any of these different times the defendant could meet plaintiff's issue by proving that at the time of such trial the defendant was of sound mind, and thus defeat the claim of the plaintiff. We can see no reason, therefore, to limit the plaintiff in her testimony to the date of the filing of the petition and times previous thereto.

The real question before the court at the time, which the jury must determine, is whether or not at this time the mental condition of the defendant is such that a guardian ought to be appointed for her person and property. We are of the opinion, therefore, that the plaintiff was not in a situation where it was necessary for her to file the amendment in the first instance. We think the whole matter could have been tried out on the petition originally filed. In the case of Miller v. Paulson, 185 Iowa 218, 169 N. W. 203, in substance we laid down the rule as above suggested that the real question for determination was the mental condition at the time of the trial and that the condition at that time was controlling. We therefore are of the opinion that the court did not commit reversible error in permitting the amendment to be filed by the plaintiff.

The other question raised in the case is whether or not the court erred in overruling the motion for continuance. Our holdings on rulings on motions for continuance are too well known to require citation, that is, that in a situation of this kind the district court has a discretion, and unless that discretion is abused, we will not disturb its rulings. The question, therefore, is not whether, if we had been sitting as a trial court, we would have sustained or overruled this motion for continuance, but whether or not the situation is such that we can say that the district court abused its discretion in overruling the same.

We have not set out all the record in the case, but have reviewed the same fully and reach the conclusion that the court did not abuse its discretion in refusing to sustain the motion for a continuance.

In Duncan v. Rhomberg, 212 Iowa 389, 236 N. W. 638, this court said:

"A motion for continuance is addressed peculiarly to the sound legal discretion of the court, and his ruling thereon will not be interfered with on appeal, unless it clearly appears that there has been an abuse of discretion and injustice thereby done. It is sufficient to say that there was no abuse of discretion and nothing to show that the rights of the appellants have been prejudiced."

This ruling finds support in 13 C. J. 123; Fisher v. McCarty, 197 Iowa 369, 195 N. W. 608; Clough & Co. v. Bennett, 99 Iowa 69, 68 N. W. 578; Foote v. Burlington Gas Light Co., 103 Iowa 576, 72 N. W. 755.

In the light of the whole record we do not find that the court erred in relation to either of these alleged errors of which complaint is made.—Affirmed.

CLAUSSEN, C. J., and EVANS, KINDIG, and DONEGAN, JJ., concur.